57772. PORTERFIELD v. THE STATE.

DEEN, Chief Judge.

Billy Ray Porterfield appeals from his conviction by a jury of the offense of solicitation of sodomy.

1. The trial court did not err in refusing to admit the results of a polygraph examination into evidence despite the express stipulation between the state and defense counsel that the results would be admissible when the results of such a test were inconclusive. In *State v.*

*Chambers,* 240 Ga. 76, 79 (239 SE2d 324) (1977), the Supreme Court held that upon express stipulation of the parties results of such a test are admissible and in that case were ". . . some evidence, though not direct evidence, of [the accused's] guilt." In the present case, the results were inconclusive, had no probative value whatsoever, and the trial court did not err in granting the state's motion to exclude the test results despite the stipulation. See *Hurd v. State,* 125 Ga. App. 353 (187 SE2d 545) (1972).

2. The trial court did not abuse its discretion in refusing to grant defendant's motion for a mistrial. The motion was based on the fact that the trial judge had contacted the polygraph operator to inform him of the trial time so he could plan his testing accordingly. The witness then volunteered that he wanted to run another test because the defendant had been taking sleeping pills and had not had much sleep. The witness corroborated the judge's testimony. While it would have been better for the judge to have contacted the attorneys and asked them to inform the witness of the trial time, we do not find that the judge's act was harmful to the defendant.

3. The trial court did not err in refusing to admit the testimony of defendant's witness who was to testify about police harassment of the accused because the testimony was hearsay. "Testimony concerning information acquired solely through books and records kept by a third person is inadmissible, as hearsay." *Sabo v. Futch,* 226 Ga. 352 (175 SE2d 16) (1970).

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

Submitted May 7, 1979 — Decided June 13, 1979.

*Robert D. Peckham,* for appellant.
*Ken Stula, Solicitor,* for appellee.