## 63791. LAWSON v. THE STATE.

BIRDSONG, Judge.

The appellant was convicted of arson. The trial court admitted into evidence the results of a polygraph test which in the polygraph examiner's opinion showed deception when appellant denied involvement in the fire. The polygraph test was administered and testified to under stipulation by the parties (see *State v. Chambers,* 240 Ga. 76 (239 SE2d 324)). Among other alleged errors, appellant cites the trial court's refusal to admit the results of a previous polygraph test (also stipulated to) which had been deemed "inconclusive" by the expert. *Held:*

1. The trial court erred in refusing admission of the results of the first polygraph test on the ground that its results were inconclusive and it had no probative value and hence was inadmissible under the holding of *Porterfield v. State,* 150 Ga. App. 303 (257 SE2d 372).

This case is different from the *Porterfield* case. In *Porterfield,* only one polygraph test result was sought to be admitted and this test result was inconclusive. In this case, two tests were administered; the trial court admitted a test result which in the examiner's opinion showed deception, but refused to admit the other which was deemed "inconclusive." Where two such tests have been administered and one is admitted, the other should be equally admissible as well. An "inconclusive" finding could be used by the appellant in an effort to impeach the polygraph operator or machine as not being infallible; it might even serve as evidence that the appellant did not lie, or at least raise a reasonable doubt in the case.

In our considered opinion such inconclusive test results in a case such as the one sub judice can be as material and relevant to the question of guilt as a conclusive polygraph has been held to be in *Chambers,* supra. To refuse to admit the results of an "inconclusive" polygraph test while admitting a "conclusive test" is to say that only evidence of guilt will be admitted and that evidence in the defendant's favor, or anything that contradicts or weakens the state's case, will not be heard.

This conviction is reversed inasmuch as we cannot say the trial court's refusal to admit the results of the "inconclusive" polygraph, while at the same time admitting the results of the test which in the examiner's opinion showed deception, did not contribute to the judgment and the error was therefore harmful. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

2. The trial court did not err in admitting the results, including the charts, of the polygraph test described as conclusive for deception. *Chambers,* supra.

3. Appellant's contention that ownership of the house was not proved, resulting in a fatal variance in the allegations of the indictment and proof at trial, is without merit. See *Tukes v. State,* 125 Ga. App. 831 (189 SE2d 135). See also *Kent v. State,* 157 Ga. App. 209 (276 SE2d 881). The enumeration of error based on the general grounds we do not consider, inasmuch as this conviction is reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 15, 1982.

*M. Gene Gouge,* for appellant.
*Stephen Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.