## 65434. CAMP v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of two offenses of armed robbery involving the same business on separate dates. His motion for new trial was filed, amended, heard and denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in admitting the results of a polygraph test. There was an agreement as to the admissibility of such tests signed by the defendant's former counsel (now appellate counsel although he did not try the case but did represent defendant at the sentencing phase) and initialed by the assistant district attorney, although it was drawn in the form of a consent order which the court never signed. Defendant contends that the terms of the agreement were not strictly adhered to as required by *Chambers v. State*, 146 Ga. App. 126 (245 SE2d 467), i.e., never signed by the court or the district attorney. However, the instrument itself shows the initials of the assistant district attorney. During a motion hearing prior to the beginning of trial defendant's former (now appellate) counsel admitted that he had drawn the document consenting to the polygraph test to be taken at the state's expense (which was so accomplished) and that the assistant district attorney had stated she "would stipulate to a polygraph." Examination of the document drawn as a consent order states in very general terms "that the results of said examination, or

any other such examination, shall be admissible by either the State or the Defense in any proceeding on this indictment." We find no violation of the rule set forth in *State v. Chambers,* 240 Ga. 76, 80 (239 SE2d 324), authorizing expert testimony with reference to the results of a polygraph examination in certain situations. Further, we find no deviation from the spirit of the agreement as was thereafter found in *Chambers v. State,* 146 Ga. App. 126, 129, supra. There is no merit in this complaint.

During the examination of the expert witness who conducted the polygraph test he made reference to the reactions to the charts and the difference on the patterns, for instance "the breathing pattern," stating there was a reaction on the chart. When the witness was requested to draw the kind of pattern that he saw on the chart for the jury, defense counsel objected that the highest and best evidence of the pattern in the charts would be the charts themselves. This objection was overruled by the court who stated that the witness was an expert and the court would at a later time instruct the jury further on the relevancy of expert testimony or what credit to give this testimony. See in this connection *Burke v. State,* 153 Ga. App. 769, 770 (4) (266 SE2d 549), wherein an expert was allowed to refer to tests performed under his direction and control as not violative of the best evidence rule. Certainly, the state's expert witness could explain to the jury as to the operation of the polygraph machine and refer to the charts without introducing the charts into evidence. There is no merit in this complaint. Further, the trial court in no wise expressed an opinion as to this witness' testimony in overruling the objection made. We note in the charge to the jury, the trial court in following *State v. Chambers,* 240 Ga. 76, 80, supra, charged the jury concerning the meaning of the polygraph examination evidence.

The trial court did not err in allowing the expert's testimony with reference to the results of the test even though the results thereof were not positive and the expert's testimony was that in his opinion based on the charts the defendant was not completely truthful with the examiner in regard to the answers. See *Miller v. State,* 150 Ga. App. 597, 601 (7) (258 SE2d 279). All enumerations of error with reference to the admission of the polygraph test are simply without merit. Compare *Porterfield v. State,* 150 Ga. App. 303 (1) (257 SE2d 372), and *Lawson v. State,* 162 Ga. App. 579, 580 (292 SE2d 421).

2. We find no merit in the enumeration of error complaining that during the pretrial oath of the jury that the court in any wise overemphasized the charges against the defendant resulting in prejudice to him. See *Gatlin v. State,* 236 Ga. 707, 708 (2), (3) (225 SE2d 224). We find nothing in the cases cited by the defendant such

as *Johnson v. State,* 140 Ga. App. 284 (231 SE2d 87), and *Carter v. State,* 246 Ga. 328 (271 SE2d 475), which requires a reversal here.

3. While the application of the rule of sequestration, after it has been invoked, would generally require a witness remaining in the courtroom to testify first; nevertheless, a proper explanation was given as to why the state witness was excepted from the sequestration rule as the witness was necessary for the orderly presentation of the case. Further, there was no timely objection at trial by defendant before or when such explanation was given. We find no merit in this complaint. See *McCranie v. State,* 151 Ga. App. 871, 875 (5), 876 (261 SE2d 779); *Parham v. State,* 135 Ga. App. 315, 320-321 (8) (217 SE2d 493); *Jarrell v. State,* 234 Ga. 410, 421 (6) (216 SE2d 258).

4. We find no merit in defendant's complaint that the state improperly injected his character into evidence by way of testimony from a police officer who prepared the photographic lineup in stating that the photograph of the defendant had been obtained from an old mug shot. First of all, defendant made no objection to the admission of the officer's statement during the trial and he cannot now object for the first time. See *Smith v. State,* 116 Ga. App. 45, 48 (2) (156 SE2d 380); *Sides v. State,* 213 Ga. 482, 488 (5) (99 SE2d 884). But even assuming timely objection, defendant's argument lacks merit. See *Woodard v. State,* 234 Ga. 901, 902 (2) (218 SE2d 629). The mere statement in evidence of the use of a "mug shot" of the defendant does not inject his character in evidence.

5. It is contended that the trial court erred in allowing the assistant district attorney to impermissibly attempt to impeach a defense witness by questioning that witness as to prior arrests, that is, as-to whether she had ever been arrested under a prior married name. *Ramsey v. State,* 145 Ga. App. 60, 61-62 (4) (243 SE2d 555) (revd. on other grounds, s.c., 241 Ga. 426 (246 SE2d 190)), and cases cited, requires the impeachment of a witness by proof that the witness had been convicted of a crime involving moral turpitude, although other means of impeachment may be used. However, we find no objection at the time this defense witness was being cross-examined, and there is no merit in this complaint.

Objection was also made to a cross-examination question by defense counsel as to whether a state witness had been arrested which was sustained. Thereafter, defense counsel did not pursue this issue. Under *Daniels v. State,* 234 Ga. 523, 524-525 (3) (216 SE2d 819), we find no merit in the defendant's complaint with reference to the attempted impeachment of this eyewitness for the state.

6. We find no merit in the complaints with reference to statements by the court in ruling on objections in which the court stated that even if the testimony was of doubtful relevancy he would

let the jury decide what weight and credit to give to it.

7. There is no merit in the defendant's complaint that the trial court erred in charging the jury pertaining to admissions and incriminating statements. There was evidence with reference to admissions made by the defendant to a police officer, and the trial court did not err in charging with reference to same.

8. Defendant contends there was no evidence of flight and therefore the court erred in charging on the issue of flight and may have misled the jury. Yet there was evidence that the defendant fled the scene, that is, "just ran" and further the defendant "drove off the parking lot." The trial court properly instructed the jury they might decide whether this evidence was sufficient to draw an inference of a consciousness of guilt.

9. We find no merit in defendant's complaint that the court had erroneously informed the jury with reference to a colloquy between counsel and the court that counsel had made a point with reference to an alleged mistake of the court in charging the jury. We find no merit in this complaint as the court was merely expressing to the jury that he might recall the jury with reference to a charge "he [defense counsel] wanted" the court to look over carefully and be sure that the court did not intend to give it which as it turned out the court did not intend to give. We find no merit in this complaint.

10. Defendant contends that after the jury had requested that they be recharged as to the law on two different occasions and then the jury had indicated they were deadlocked that it was obvious that the jury was indicating obvious confusion as to their verdict, hence the court should have granted a mistrial. Also, error is claimed in that the court even mentioned a possible mistrial. Nevertheless, there was no motion made for a mistrial, and the trial court did not err in requiring the jury to deliberate further with reference to the trial of this case, discussing the possibility of a mistrial. We find no merit in these complaints. See *Burnett v. State,* 240 Ga. 681, 688 (10) (242 SE2d 79); *Glover v. State,* 153 Ga. App. 74, 75 (3) (264 SE2d 554).

11. This review has involved 23 different enumerations of error, and defendant has failed to follow Rule 15 of the Rules of the Court of Appeals of Georgia, adopted February 23, 1981, effective September 1, 1981, with reference to structure and content. However, the court has endeavored to follow the arguments and citations of authority as set down paragraph by paragraph in defendant's brief, many of which merely restated the enumeration of error without citation of authority, thus deemed abandoned by reason of the method used in the argument by the defendant. However, we have examined any and all properly argued enumerations and find no merit requiring a reversal.

A review of the transcript and the record convinces us, and we so hold, that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt of the two offenses of armed robbery involving the same business location on separate dates. See *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1); *Rachel v. State,* 247 Ga. 130, 131 (1) (274 SE2d 475). The verdict was not contrary to the law, was not against the weight of the evidence, and there is no merit in any of these complaints.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983.

*Charles W. Field,* for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Assistant District Attorney,* for appellee.