### 70057. BROWN v. THE STATE.
(333 SE2d 124)

CARLEY, Judge.
Appellant was tried before a jury and found guilty of incest. He appeals from the judgment of conviction entered on the guilty verdict.

1. The general grounds are enumerated as error. The evidence adduced at trial was as follows: Upon returning home from an outing, appellant and his wife discovered that their daughter, Michelle, was missing. Michelle, who was approximately 14 years old, is Mrs. Brown's natural daughter and appellant's stepdaughter. The Browns later found Michelle at a friend's house. However, she was unwilling to return home for the stated reason that appellant had been having sex with her. Mrs. Brown sought counseling at the Forsyth County Mental Health Department, where she was referred to the Department of Family and Children Services (Department). Subsequently, Michelle was interviewed by either Ms. Vaughn of the Department or Investigator Sims on four separate occasions. During these videotaped interviews, which were played for the jury, Michelle admitted having sex with appellant and gave explicit details. During one interview, Michelle stated that she did not know how she would react by the time the case got to court, and that if she later denied the relation-

ship it would be because she was afraid that she would go to a foster home and that her mother would not have an income. However, there was also evidence that, on several occasions following her interviews, Michelle called Ms. Vaughn and Investigator Sims and recanted her statements. At trial, Michelle admitted telling her mother and the interviewers about her sexual relations with appellant. However, she denied from the stand that the events she had reported to them had ever taken place. Ms. Vaughn testified that Michelle's behavior was consistent with that of a sexually abused child. A nurse practitioner who examined Michelle testified that it was possible that Michelle had been sexually active.

The prior inconsistent statements of Michelle were admissible as substantive evidence of the guilt of appellant. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). The jury was thus authorized to believe Michelle's prior inculpatory statements rather than her present exculpatory testimony. " 'If, from all that the jury see of the witness, they conclude that what [s]he says now is not the truth, but what [s]he said before, they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court.' [Cit.]" *Gibbons v. State*, supra at 864. Based on *Gibbons*, we find that Michelle's prior statements, coupled with the other evidence adduced at trial, was sufficient to authorize a rational trior of fact reasonably to find proof of appellant's guilt beyond a reasonable doubt. See generally *Simmons v. State*, 168 Ga. App. 1 (1) (308 SE2d 27) (1983); *Scales v. State*, 171 Ga. App. 924 (321 SE2d 764) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the denial of his motion for mistrial. Following Mrs. Brown's answer to a question posed to her by the State, appellant objected and made a motion for mistrial. The trial court sustained the objection and gave curative instructions. Appellant did not renew his motion for mistrial. "Since the defendant did not renew his motion after the curative instructions, he cannot complain on appeal. [Cits.]" *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981).

3. On cross-examination, appellant's attorney asked Mrs. Brown the following questions: "[T]o your knowledge has [appellant] ever beaten [Michelle]?" On re-direct examination, the State asked Mrs. Brown if appellant had beaten anyone else in the home. Mrs. Brown responded that appellant had beaten or hit her. Objecting that his character had been placed in issue, appellant asked for a mistrial. The

trial court initially reserved a ruling on the motion, but later denied it. We find that the State's question was not improper in light of the fact that defense counsel had opened the door to this line of inquiry. See generally *Bryan v. State,* 137 Ga. App. 169, 172 (4) (223 SE2d 219) (1976); *Martin v. State,* 143 Ga. App. 848 (1) (240 SE2d 219) (1977); *Phillips v. State,* 254 Ga. 370 (329 SE2d 475) (1985).

4. Over objection, testimony was admitted to the effect that after appellant had entered into a stipulation that he would submit to a State-administered polygraph test and that the results would be admissible in evidence, he declined to take the test. Appellant asserts that the admission into evidence of this testimony violates the rule in Georgia regarding polygraph evidence.

In *State v. Chambers,* 240 Ga. 76-77 (239 SE2d 324) (1977), the Supreme Court held that "upon express stipulation of the parties that they shall be admissible, the *results* of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." (Emphasis supplied.) Accordingly, assuming the validity of the particular written stipulation of admissibility agreed to by appellant, it is clear that had the polygraph been administered to appellant, evidence as to the *results* would have been admissible. See *Garmon v. State,* 167 Ga. App. 781, 784 (6) (307 SE2d 298) (1983). However, in the present case, appellant did not submit to a polygraph test, and therefore it was not evidence of the *results* of a polygraph examination which was admitted. Instead, what was admitted was evidence that appellant agreed but then refused to take such examination. *Chambers,* supra, is not authority for the admission of such evidence, nor can we find any case law in support of the State's assertion that such evidence is admissible.

In *Porterfield v. State,* 150 Ga. App. 303 (1) (257 SE2d 372) (1979), this court held that, despite an express stipulation as to admissibility, polygraph results which are inconclusive have no probative value whatsoever and are not admissible. Compare *Lawson v. State,* 162 Ga. App. 579, 580 (1) (292 SE2d 421) (1982). Additionally, evidence that the defendant was willing or unwilling to submit to a polygraph examination is generally not admissible into evidence. Cf. *Lemons v. State,* 172 Ga. App. 193 (322 SE2d 521) (1984). Likewise, we find in the instant case that evidence that appellant entered into a stipulation to take the examination, but later refused to do so, is not probative and is not admissible. In this State, it is only evidence as to the *results* of polygraphs that is admissible, and then only upon express *stipulation* of the parties. This is so because "doubt exists as to the complete reliability of lie detector tests. . . ." *State v. Chambers,* supra at 77. It is our opinion that due to the rule of limited admissibility of evidence of such tests, the testimony in the instant case is merely an attempt to raise an inference of appellant's guilt as a result

of his subsequent refusal to take the polygraph. Such prejudicial evidence of the refusal to submit to an unreliable test simply is not admissible in this State.

Reversal is not demanded on every occasion where a reference is made to polygraphs. See *Herlong v. State*, 236 Ga. 326, 328 (3) (223 SE2d 672) (1976). However, in the present case, the State's witness was permitted to testify at length concerning circumstances surrounding appellant's original willingness and later refusal to submit to the polygraph. We find that this testimony was not merely an "insignificant reference to a polygraph." Compare *Merrell v. State*, 162 Ga. App. 886, 887 (4) (293 SE2d 474) (1982); *Knox v. State*, 156 Ga. App. 777, 778 (3) (275 SE2d 371) (1980). This evidence was prejudicial to appellant.

There is evidence of record that the written stipulation at issue included a clause to the effect that, if appellant later refused to submit to the polygraph examination, evidence of that refusal would be admissible. "Parties may stipulate anything factual, and may sometimes waive the benefit of statutory or constitutional provisions, but they cannot by stipulation fix or change the law. [Cits.]" *Heavey v. Security Mgt. Co.*, 129 Ga. App. 83, 84 (198 SE2d 694) (1973). "Stipulations to the law are invalid and ineffective. [Cit.]" *P. C. Gailey Contractors v. Exxon Co., U.S.A.*, 143 Ga. App. 827, 828 (240 SE2d 208) (1977). In Georgia, the law of evidence in criminal trials is that the *results* of polygraph examinations are probative and admissible upon express stipulation, but that all other evidence concerning polygraphs is nonprobative, irrelevant and inadmissible. The stipulation of admissibility of the refusal in the present case is an attempt to change the law and is invalid.

We cannot hold the trial court's error in admitting the evidence to be harmless because we cannot say, as a matter of law, that the error did not contribute to appellant's conviction. *Lawson v. State*, supra.

Accordingly, we find that the trial court's error in admitting the irrelevant and prejudicial polygraph evidence requires that appellant's conviction be reversed.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 14, 1985 —
REHEARING DENIED JUNE 27, 1985 — ▮▮▮▮▮▮▮

*James Whitmer*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.