45866. MINTER v. THE STATE.
(373 SE2d 359)

CLARKE, Presiding Justice.

Jesse Leon "Lee" Minter was convicted of the malice murder of Greg Royals and was sentenced to life imprisonment.[1] We affirm.

The evidence demonstrated that Lee Minter and his friend Gene Varnadoe were driving around drinking beer on the evening of January 9, 1986. They met Greg Royals and his friends in a Sears parking lot and had a heated discussion about what Royals might have said about Minter's mother. Minter was overheard to say, "I'm going to kill him [Royals]." The group then drove over to 1340 Drewry Avenue, where one of Royal's friends was supposed to be able to straighten out the argument. There, Royals and Minter began to argue and fight. Three eyewitnesses to the scuffle testified that Royals had no weapon and that Royals suddenly turned away from the fight and began to run toward his mother's house which was next door. Minter pursued Royals onto the porch and stabbed him to death. Minter fled the scene with Varnadoe, but was apprehended on the same night. When apprehended, Minter was covered with blood and had the knife in the back of his van.

1. In this appeal Minter asserts first that the state failed to prove venue beyond a reasonable doubt. He does not assert that venue was improper in Spalding County, but argues that the state did not present sufficient evidence of venue. He raised this issue for the first time in a motion for new trial.

Generally, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2 (a). And, venue must be established beyond a reasonable doubt. *Adsitt v. State,* 248 Ga. 237 (282 SE2d 305) (1981). However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980). Here, the evidence showed that the offense occurred at 1340 Drewry Avenue, that the Griffin Police Department investigated the case, and that the victim was examined at the Griffin-Spalding County Hospital. The trial court also took judicial notice of the fact

---

[1] The crime was committed on January 9, 1986. The defendant was indicted on June 2, 1986. A Spalding County jury returned a verdict of guilty on June 25, 1986. A motion for new trial was made on July 21, 1986 and was denied on May 3, 1988. The transcript was docketed on September 30, 1987. Notice of appeal was filed on May 27, 1988. The case was docketed on June 6, 1988, and was submitted for decision without oral argument on July 22, 1988.

that the city of Griffin is wholly within Spalding County. Because no evidence conflicts with the conclusion that the crime was committed in Spalding County, we find this evidence sufficient to establish venue in Spalding County.

2. Next, Minter asserts that the trial court erred by allowing his character to be put into evidence without giving him the notice required by the Uniform Rules. The state argues that no notice of the testimony was required because it was properly admitted to impeach defendant's witness.

During cross-examination the prosecution elicited testimony from Varnadoe that he took a knife out of Minter's pocket. Varnadoe stated that the reason he did this was that he did not want to see anybody get hurt. The prosecutor then presented what he considered to be a prior inconsistent statement: Varnadoe had told the grand jury that he took the knife from Minter's pocket because he had seen Minter slit somebody else's throat. The trial court ruled the evidence admissible to impeach Varnadoe's testimony.

Under Uniform Superior Court Rule 31.3 the prosecution must give a defendant notice of its intent to present evidence of similar transactions or occurrences and seek the prior approval of the trial judge before presenting such evidence. Such notice is not required, however, if the information is elicited for impeachment purposes. Rule 31.3(E); *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131) (1987). Because the prosecution did not serve notice or gain prior approval of the testimony, the issue before this Court is whether the testimony was properly admitted for impeachment purposes. We conclude that it was not.

Evidence tends to impeach a witness if "it casts doubt on the truth of the present testimony." Agnor, *Agnor's Georgia Evidence*, 2nd edition, § 5-5, p. 66 (1976). In this case, the statement that Varnadoe made to the grand jury simply explained his testimony at trial. The two statements are compatible with each other. Admitting the statement that Varnadoe had seen Minter "slit somebody else's throat" served only to make the jury aware of a prior bad act of the defendant. It did nothing to undermine the credibility of the witness. It was error to allow this testimony.

Given the overwhelming weight of the evidence of guilt in this case, however, we find that the error was harmless. There were several eyewitnesses to the stabbing. All testified consistently that Royals was unarmed and was attempting to flee when Minter stabbed him. Minter presented no conflicting testimony.[2] Under these circum-

---

[2] Varnadoe testified that he did not see what happened and Minter testified that he could not remember exactly what occurred. Minter did admit to having stabbed Royals.

stances we conclude that it is "highly probable that the error did not contribute to the judgment." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). See also *Hatcher v. State*, 251 Ga. 388 (306 SE2d 250) (1983).

3. In his third enumeration of error Minter asserts that the court's instruction on impeachment of witnesses was inadequate. Although the court erred in admitting Varnadoe's testimony as impeachment, we find no error in the charge on impeachment as given.

4. Minter next argues that the court improperly restricted cross-examination of a witness about his juvenile record. Pretermitting whether the restriction was error, it was harmless because the prosecution entered into evidence the witness' conviction record.

5. Finally, Minter contends that the evidence was not sufficient to support the verdict. Having reviewed the record, we conclude that the evidence was sufficient to sustain the conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1988.

*Cramer, Weaver & Edwards, Timothy C. Cramer*, for appellant.
*Johnnie L. Caldwell, Jr.*, District Attorney, *Michael J. Bowers*, Attorney General, *Eddie Snelling, Jr.*, Assistant Attorney General, for appellee.