## A89A0366. WOODRUFF v. THE STATE.
(381 SE2d 582)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of two counts of aggravated child molestation. He appeals from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

Appellant moved for a directed verdict of acquittal, contending that the evidence was insufficient to establish venue and that the State had failed to prove that the crimes had occurred within the four-year statute of limitations. He enumerates as error the denial of his motion on both grounds.

The victims were appellant's two young sons. The evidence established that, at the time of the molestation, appellant and his family were living in a house in Whitfield County. One of the victims specifically testified that he had been molested while at home. The other victim did not testify with as much specificity as his brother but, from the totality of his testimony, it is clear that he too was molested while at home. Accordingly, the evidence as to venue was sufficient. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. [Cit.] Venue may be proved by circumstantial as well as direct evidence. The evidence here, direct and circumstantial, was sufficient to prove venue of the crimes in [Whitfield] County." *Loftin v. State*, 230 Ga. 92, 93-94 (2) (195 SE2d 402) (1973).

There was no direct evidence that the molestations had occurred within the four-year statute of limitations. There was, however, sufficient circumstantial evidence to authorize a finding that both molestations had occurred within the period of limitations. See generally *Peavy v. State*, 179 Ga. App. 397 (1) (346 SE2d 584) (1986).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1989.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.