A91A0347. COOPER v. THE STATE.

(408 SE2d 797)

COOPER, Judge.

Appellant was convicted in a jury trial of child molestation and appeals the denial of his motion for new trial.

1. Appellant contends the trial court erred in allowing Patricia Cooper ("Patricia"), the mother of the victim, to sit behind the victim during the victim's testimony. Patricia and the victim were appellant's wife and child, respectively, and the evidence demonstrated that the couple had been having marital problems before the alleged incident occurred. Appellant argues that Patricia manipulated the 11-year-old to accuse him of molestation to prevent him from proceeding with his threat to take their four children away from her and that her presence in the courtroom and in such close proximity to the victim influenced the victim's testimony. Before the victim testified, the trial court asked if she would be more comfortable with her mother sitting behind her. The court directed Patricia to sit quietly behind the victim and warned her not to attempt to communicate in any way with the victim. The victim sat, with her back to Patricia, facing the jury and the attorneys. Counsel for appellant made a timely objection to Patricia's presence and placement in the courtroom; however, he did not state the basis for the objection, nor did he raise the issue appellant now asserts on appeal. "Issues raised for the first time on appeal will not be considered by this court. [Cits.]" *Vick v. State,* 194 Ga. App. 616 (1) (391 SE2d 455) (1990).

2. Appellant next enumerates as error the admission of certain expert testimony on the child abuse syndrome. Appellant specifically argues that the trial court erred in allowing a psychologist, who had examined the victim, to testify as to his conclusion that she suffered from child abuse syndrome. Relying on *Allison v. State,* 256 Ga. 851 (6) (353 SE2d 805) (1987), appellant contends this testimony was tantamount to stating the victim was abused, the ultimate issue to be decided by the jury. The psychologist's testimony included a discussion of characteristics of sexually abused children and his observations of the victim after having had 15 sessions with her. Such expert testimony is competent evidence under OCGA § 24-9-67. The psychologist was asked by the State, "Does she fit the child abuse syndrome?" to which the psychologist replied, "Yes, she does." In *Allison,* the court held that a clinical psychologist's testimony that the

victim not only fit the syndrome but that she had *in fact* been abused was an inadmissible inference which the jurors could draw for themselves. Id. In the instant case, the testimony was not a conclusion that the victim was *in fact* abused; that issue was left to the jury to determine. Thus, the trial court did not err in admitting the testimony. Appellant's reliance on *Allison*, supra, is misplaced.

3. Finally, appellant raises the general grounds and contends the State failed to establish venue and jurisdiction. Viewing the evidence in a light to support the jury's verdict, it appears that there were two instances in which the victim had been molested, one of which occurred on Halloween in 1987 in a house in which the family lived in Mitchell County, Georgia. In an interview with a caseworker with the Department of Family & Children Services, the victim diagramed the family home and indicated that the assault took place on a sofa in the living room when Patricia was away from the home. The victim revealed that appellant had touched her in private places and placed his penis in her vagina and anus. She had a great deal of difficulty relating the events, and what she had difficulty saying she wrote down. She also circled the genital areas on both male and female diagrams and the hands on the male diagram to indicate where she had been touched and with what. The victim testified at the trial that appellant removed both her clothes and his clothes, touched her private parts and placed his penis in her vagina. A physician testified that his examination revealed that the victim had been penetrated. Based on the foregoing, we conclude that a rational trier of fact could have found appellant guilty of the offense of child molestation in Mitchell County beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Adsitt v. State*, 248 Ga. 237 (2) (282 SE2d 305) (1981).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 10, 1991 —
RECONSIDERATION DENIED JULY 19, 1991.

*Michael L. Bankston*, for appellant.

*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney*, for appellee.