A92A1392. DUPREE v. THE STATE.
(424 SE2d 316)

SOGNIER, Chief Judge.

Jeffery Luke Dupree was convicted of aggravated child molestation, statutory rape, incest, cruelty to a child, enticing a child for indecent purposes, and two counts of aggravated sodomy in connection with offenses against his eight-year-old stepdaughter. He appeals from the denial of his motion for new trial.

1. Appellant contends in two enumerations that the trial court's decision to admit certain evidence of the victim's statements pursuant to OCGA § 24-3-16 was error because the circumstances of the statements did not provide sufficient indicia of reliability.

(a) The State was permitted to play for the jury two videotapes of interviews with the victim. Although appellant did object at trial to the admission of the videotapes, he did not raise at trial the ground now asserted on appeal. " 'Issues raised for the first time on appeal will not be considered by this court. (Cits.)' [Cit.]" *Cooper v. State*, 200 Ga. App. 560 (1) (408 SE2d 797) (1991). Nonetheless, our review of the record persuades us that the indicia of reliability outlined in *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991) were present in this case. Moreover, as in *Gregg*, supra at 241 (3) (c), the victim testified at trial and was subject to cross-examination, thereby providing an additional safeguard of appellant's rights.

(b) Liberally construed, appellant's objection at trial to the admission of the victim's mother's testimony concerning statements made to her by the victim did encompass the reliability issue raised on appeal; therefore, we will address this enumeration. Before the State questioned the mother about the victim's statements concerning appellant's conduct, the trial court conducted a hearing outside the presence of the jury to ascertain whether the circumstances of the statements provided sufficient indicia of reliability. This inquiry established that the victim raised the issue of appellant's molestation of her when she was alone with her mother; that she appeared sad and

was crying; that the victim stated she had not told her mother of the abuse earlier because appellant had threatened to "beat her brains out" if she told anyone; that she explained she was breaking her prior silence because appellant had hurt her so badly recently that she wanted him to stop; and that there was no evidence of improper inducement of this statement or coaching by others. We note also that this description of the abuse was consistent with subsequent statements made by the victim and with her trial testimony. Given these circumstances, the trial court did not err by admitting the testimony. See *Gregg*, supra at 240-241 (3) (b).

2. In his remaining enumeration, appellant contends the trial court erred by precluding him from asking his niece, Robin Massengale, about statements the victim and her mother allegedly made to Massengale about alleged sexual advances made by the victim's teenaged cousin, Ralph Norton.

At trial, appellant proffered this testimony to impeach the credibility of the victim and her mother by showing they had made prior false allegations of molestation against Norton. Appellant repeated this argument in his motion for new trial, and the trial court responded by conducting a post-trial hearing pursuant to *Shelton v. State*, 196 Ga. App. 163, 164 (4) (395 SE2d 618) (1990) to determine whether there existed a reasonable probability of a false allegation. At this hearing, Norton denied having made any improper advances of a sexual nature toward the victim. Massengale testified that the victim and her mother once told Massengale that Norton had tried to "mess with" the victim, but Massengale also acknowledged that she "[did not] know if it had anything to do with sex." Concluding that Massengale's testimony was too vague and equivocal to establish a reasonable probability of falsity, the court denied the motion for new trial.

On appeal, appellant now contends that under the authority of *Hall v. State*, 196 Ga. App. 523, 524-525 (2) (396 SE2d 271) (1990), he was entitled to present Massengale's testimony concerning the allegations against Norton to establish other possible causes for the victim's physical manifestations of molestation. In addition to raising a ground not presented below and thus not preserved for appeal, see *Cooper*, supra, this argument is wholly inconsistent with both the rationale appellant advanced at trial and also with the testimony of Norton, appellant's witness at the motion for new trial. At trial and in his motion for new trial, appellant contended the allegations against Norton were *false*, but on appeal he now contends he should have been allowed to raise the issue because the allegations were or may have been *true*. Under these circumstances, we hold the trial court's ruling was correct and the argument raised on appeal presents nothing for review.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 26, 1992.

*Howard & Delaney, Stephen A Delaney*, for appellant.
*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney*, for appellee.