### A96A2053. HALL v. THE STATE.
(485 SE2d 800)

Judge Harold R. Banke.

Jerry Stewart Hall was convicted of one count of child molestation involving his daughter. Following the denial of his motion for new trial, Hall enumerates two errors. *Held*:

1. Hall asserts that the State failed to prove beyond a reasonable doubt that venue was in Catoosa County. Pretermitting whether Hall properly raised and preserved the issue of venue below, we are unable to find merit to this claim.[1]

The threshold question is the applicable standard of proof for venue. As the dissent correctly notes, the Supreme Court of Georgia's decisions have been inherently inconsistent with respect to the venue question. *Minter v. State* illustrates the confusion our Supreme Court created by holding: "venue must be established beyond a reasonable doubt. *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981). However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980)." *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). If venue must be proven beyond a reasonable doubt, then slight evidence cannot possibly suffice.

Even more perplexing is the fact that in issuing its decision in *Minter*, the Court did not elect to overrule its earlier authority which made no mention of the reasonable doubt standard and, nevertheless, held that where the evidence is not conflicting and where no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. *Aldridge v. State*, 236 Ga. 773, 774 (1) (225 SE2d 421) (1976); *Loftin v. State*, 230 Ga. 92, 93-94 (2) (195 SE2d 402) (1973). Further compounding the complexity in conducting appellate review is the fact that the Supreme Court has never overruled its "any evidence" standard for establishing venue. *Johns v. State*, 239 Ga. 681, 682 (1) (238 SE2d 372) (1977) (holding that the question of venue is to be decided by the jury and the jury's decision as to venue will not

---

[1] The issue of venue does not appear in Hall's motion for a new trial, and Hall failed to point to anywhere in the record where he raised it below. Nor has Hall cited any authority for permitting the issue to be raised for the first time on appeal. See LaFave & Israel, Criminal Procedure (2nd ed. 1992), § 16.1 (f).

be set aside where there is any evidence to support it). Plainly, these holdings cannot be reconciled. Where the State presents only slight evidence of venue, it has not satisfied the reasonable doubt standard which would have to be applied if venue was an essential element of a crime. See, e.g., *White v. State*, 193 Ga. App. 428, 429 (1) (387 SE2d 921) (1989) (venue is a jury question, and jury's decision will not be set aside where there is any evidence to support it).

Currently, the federal courts and a majority of state courts do not consider venue an essential element of a crime which explains why "[t]he federal courts and a substantial number of state courts hold that the facts supporting venue only need be established by a preponderance of evidence." LaFave & Israel, Criminal Procedure (2nd ed. 1992), § 16.1 (f). These jurisdictions have determined that although venue is a material fact that must be proven by the prosecution, it is not an essential element of the crime which must be established by proof beyond a reasonable doubt. See id. The United States Supreme Court did not determine that venue is an essential element of a crime requiring proof beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Notwithstanding Hall's claim to the contrary, this is not a close case presenting slight or conflicting evidence of venue, but a case where the proof of venue satisfies the reasonable doubt standard.

Viewing the evidence in a light to support the jury's verdict, the State presented the following evidence of venue. The victim lived with Hall and her mother, A. M., together in a home on Dietz Road in Catoosa County from April 1992 until late July or August 1, 1993. A. M. testified that during her daughter's first 14 months, she stayed home to closely watch her child who suffered from apnea and was on a monitor. After the victim no longer required the monitor, Hall's unwitnessed access to her increased. A. M. testified that she never left the victim with anyone other than Hall or a member of the family.

When Hall, the victim's mother, and the victim moved to Catoosa County, the victim was approximately one year and ten months old. One of the victim's aunts, Connie Frank, testified that she was present at the victim's Catoosa County home at a party for the victim's second birthday and had made a videotape of the occasion. Although the victim and her mother did move out of the family home in April 1993, for about one month, Hall and the victim never lived anywhere else between April 1992 and August 1, 1993.

The victim's allegations of sexual abuse began in August and September 1993, almost immediately after she was no longer living with Hall. The victim first reported the abuse to her aunt, Robin Snow, stating that on the night of fireworks (corroborated as being July 4, 1993 while she still lived in Catoosa County with Hall), she

woke up, left her bed, and went to find her parents. The victim said on that night she saw her daddy's "naked butt" and he (Hall) "played games" with her.

The meaning of "playing games" was clarified by the testimony of numerous witnesses to whom the victim spoke over the next few months. Her 15-year-old babysitter testified that the victim disclosed that Hall played the game of Beauty and the Beast with the victim by lying on top of her in a room and in so doing hurt her "tootie" (genital area) "real bad." Kathy Gallagher, an aunt of the victim, also testified that in August 1993 the victim told her that her daddy (Hall) "tickled her 'tootie' when we had fireworks," and hurt her. A family friend and a Department of Family & Children Services caseworker also corroborated the victim's revelations concerning Hall's sexual abuse while he was alone with her.

This evidence, combined with the testimony of the victim's therapist, who testified that this was "one of the most extreme cases of abuse" she had seen in her 17 years of experience, shows that Hall engaged in a sustained and recurring pattern of sexual abuse at the home in Catoosa County. See *Woodruff v. State*, 191 Ga. App. 338 (381 SE2d 582) (1989) (venue can be determined from totality of circumstances). It is undisputed that at the time of the fireworks display in July 1993, the victim and Hall lived in Catoosa County and nowhere else. Based on the foregoing evidence, even applying the stringent standard of reasonable doubt, a rational trier of fact could have found Hall guilty beyond a reasonable doubt of the offense of child molestation in Catoosa County. *Cooper v. State*, 200 Ga. App. 560, 561 (3) (408 SE2d 797) (1991).

2. Hall contends that the trial court improperly admitted evidence that he initially entered into a stipulation to submit to a polygraph test but subsequently refused to take the test.

Evidence that a defendant entered into a stipulation to take a polygraph examination but later refused to do so is neither probative nor admissible. *Brown v. State*, 175 Ga. App. 246, 248 (4) (333 SE2d 124) (1985). It is error to allow evidence of a defendant's refusal to submit to a polygraph examination. Id. at 249. Reversal is not demanded, however, unless the testimony is prejudicial and significant. See id.

In this case, in an unresponsive answer to the prosecutor's question, it was Hall who first mentioned a polygraph. Hall testified that he wanted to undergo a sodium pentothal test because it would provide greater accuracy than a polygraph examination. Later, the prosecutor specifically inquired as to whether Hall remembered being asked by an investigator to take a polygraph. The trial court overruled Hall's objections to the relevancy and admissibility of this line of questioning, based on the fact that Hall had signed a stipulation to

undergo polygraph testing. The State then recalled investigator Wes Barrett, a defense witness, who testified without objection, that he and Hall had discussed a polygraph test and that Hall indicated he was afraid to take the test. However, Barrett's testimony buttressed Hall's contention that he opposed taking a polygraph test because it would render inaccurate results since he suffered from manic depression and had a poor emotional state.

Even though Hall was afforded the opportunity both on cross-examination and redirect to explain at length about his reasons for electing not to submit to a polygraph, allowing the State to question him on this issue was plainly error. After considering the unobjected-to testimony, as well as the overwhelming evidence of Hall's guilt, we are unable to conclude that the admission of this evidence so prejudiced Hall's trial as to necessitate the reversal of the judgment. See *Herlong v. State*, 236 Ga. 326, 328 (3) (223 SE2d 672) (1976); *Knox v. State*, 156 Ga. App. 777, 778 (3) (275 SE2d 371) (1980). Compare *Lawson v. State*, 162 Ga. App. 579, 580 (1) (292 SE2d 421) (1982). Because it is highly probable that the error did not contribute to the judgment, we affirm. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. We deny Hall's motion to file a pro se supplemental brief because he is represented by counsel. *Sapeu v. State*, 222 Ga. App. 509 (1) (474 SE2d 703) (1996).

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Pope, P. J., Blackburn and Smith, JJ., concur. McMurray, P. J., concurs specially. Beasley, J., concurs in the judgment only. Ruffin, J., dissents.*

McMURRAY, Presiding Judge, concurring specially.

I am compelled to specially concur because I do not believe the inferential evidence of venue in this case is sufficient to authorize the jury's finding, beyond a reasonable doubt, that defendant committed aggravated child molestation in Catoosa County, Georgia as alleged in the indictment. Because venue was not an issue at trial, however, I believe that slight evidence is sufficient to satisfy Georgia's venue requirement in the case sub judice and that the circumstantial evidence of venue cited by the majority is more than sufficient to authorize the jury's finding that venue was proper in Catoosa County, Georgia. I am also compelled to say that the problem of proof over venue highlighted in the case sub judice does not appear to be the result of shoddy police work or prosecutorial oversight. The problem appears because a majority of this Court fails to recognize that children of tender years — such as the three-year-old victim in this case — have difficulty conceptualizing space and time with relation to past events, a natural condition which I believe is compounded by the traumatic memories the young victim in this case must endure as a

result of the loathsome incident which is the basis of the crime charged.

"'Circumstantial, as well as direct evidence, may be used to establish venue. *Loftin v. State*, 230 Ga. 92, 94 (2) (195 SE2d 402) (1973). Where there is no conflicting evidence, slight evidence is sufficient. *Aldridge v. State*, 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). Since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it. (Cits.)' *Taylor v. State*, 176 Ga. App. 567 (1) (a) (336 SE2d 832) (1985). See also *Woodruff v. State*, 191 Ga. App. 338 (381 SE2d 582) (1989)." *White v. State*, 193 Ga. App. 428 (1), 429 (387 SE2d 921). In the case sub judice, the indictment charged defendant with committing aggravated child molestation "in the County of Catoosa and the State of Georgia on or before the 8th day of September, 1993. . . ." Evidence adduced at trial shows that defendant is the victim's father; that defendant, the victim and the victim's mother resided together in Catoosa County, Georgia from April 1992 until July 1993, and that the victim first reported events indicating that defendant had sexually molested her shortly after July 20, 1993, when the victim was three years old. I believe this proof — although circumstantial — is alone sufficient to authorize the jury's finding that defendant committed the act of aggravated child molestation in Catoosa County, Georgia as charged in the indictment.

RUFFIN, Judge, dissenting.

I agree with Presiding Judge McMurray that the circumstantial evidence of venue in this case is insufficient to authorize the jury's finding, beyond a reasonable doubt, that Hall committed aggravated child molestation in Catoosa County, Georgia. For that reason, and for the reasons stated in my dissent in *Brinkworth v. State*, 222 Ga. App. 288 (474 SE2d 9) (1996), I dissent from Division 1 of the Court's opinion. I concur in the Court's judgment in all other respects.

DECIDED MARCH 21, 1997 —
RECONSIDERATION DISMISSED APRIL 29, 1997.

Before Judge Loggins.

*Michael E. Brush*, for appellant.

Jerry S. Hall, *pro se*.

*Ralph L. Van Pelt, Jr., District Attorney, John L. O'Dell, Assistant District Attorney*, for appellee.