[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

No. 05-11128
Non-Argument Calendar

_____

D. C. Docket No. 04-00761-CV-CAM-1

JERRY STEWART HALL,

Petitioner-Appellant,

versus

WARDEN CARL HUMPHREY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 18, 2005)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Jerry Stewart Hall, a Georgia prisoner, appeals the district court's dismissal

of his habeas petition, 28 U.S.C. § 2254, as time-barred. For the following reasons, we affirm.

I. Background

Hall was convicted of aggravated child molestation and sentenced to twenty years imprisonment. His conviction was affirmed on direct appeal on March 21, 1997. Hall v. Georgia, 485 S.E.2d 800 (Ga. Ct. App. 1997). Hall filed a motion for reconsideration, dated March 30, 1997, but which was not filed until April 9, 1997. On April 29, 1997, the Georgia Court of Appeals dismissed the motion for reconsideration as untimely. On March 3, 1998, Hall filed a state habeas petition, which was denied on August 1, 2003. A certificate of probable cause ("CPC") was denied on January 12, 2004. Hall filed the instant § 2254 petition on March 8, 2004.

After the state responded that the petition was time-barred, Hall asserted that his conviction did not become final until May 9, 1997, which was the expiration of the ten-day period in which he could have filed a petition for certiorari review of the denial of his motion for reconsideration. Hall conceded, however, that current law[1] did not provide for tolling of the limitations period for the time in which he could have sought review of the denial of CPC. Alternatively, he argued that he

---

[1] Steed v. Head, 219 F.3d 1298 (11th Cir. 2000); Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000).

2

was entitled to equitable tolling.

The magistrate judge recommended that the petition be dismissed as time-barred. The magistrate judge found that Hall's conviction became final ten days after Hall could have sought review of the state court of appeals' affirmance of his conviction. Additionally, the magistrate judge found that the reconsideration motion did not toll the limitations period because it was untimely, and that there was no tolling during the time to petition for review of the denial of a CPC. Finally, the magistrate judge determined that Hall was not entitled to equitable tolling.

The district court adopted the magistrate judge's recommendation over Hall's objections and dismissed Hall's petition as time-barred. The district court then granted a certificate of appealability ("COA") on the issue of whether Hall's petition was untimely.

II. Hall's Appeal

Hall argues that the district court erred by finding his § 2254 petition untimely because the motion for reconsideration and the time in which he could have sought review from the denial of a CPC should have tolled the limitations period, although he concedes that his position is not supported by case law. Alternatively, Hall argues that he was entitled to equitable tolling.

We review de novo the district court's determination that the petition for federal habeas corpus relief was time-barred under the AEDPA.[2] Wade v. Battle, 379 F.3d 1254, 1259 n.5 (11th Cir. 2004). A district court's decision on equitable tolling also is reviewed de novo. Id. at 1265 n.11 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002)). "[T]he district court's determinations of the relevant facts will be reversed only if clearly erroneous." Id.

To be timely filed, Hall's § 2254 petition was due within one year of the date on which his conviction became final. 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under [the AEDPA]." 28 U.S.C.§ 2244(d)(2); Wade, 379 F.3d at 1259. To be "properly filed," however, an application must meet the filing deadlines and time limitations on delivery. Wade, 379 F.3d at 1260, 1264 (citing Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

Here, we defer to the state court's ruling that Hall's motion to reconsider was not timely filed. Wade, 379 F.3d at 1262 (explaining this court's deference). Accordingly, the untimely motion to reconsider was not "properly filed" and

---

[2] Hall filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

would not toll the limitations period. Moreover, the ten days in which Hall could have sought review of that denial also would not toll the statute of limitations.

Furthermore, the time period did not toll during the ninety-day period in which Hall could have sought review of the CPC denial. Nor did it toll during the ten-day period in which Hall could have moved for reconsideration of the CPC denial. See, e.g., Moore, 321 F.3d at 1380. Hall's argument is foreclosed by this court's decisions in Steed and Coates,[3] holding that "the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1)." Steed, 219 F.3d at 1300; Coates, 211 F.3d at 1227. Therefore, Hall's conviction became final on March 31, 1997, and Hall had one year from that date to file his federal habeas petition. We conclude that the district court correctly found that more than one year elapsed before Hall filed his federal § 2254 petition.

Finally, we reject Hall's arguments that he was entitled to equitable tolling. "Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, 'it is appropriate when a movant untimely files because of extraordinary

---

[3] The district court is bound by the decisions of this court. Moreover, a panel of this court cannot overruled the decisions of a prior panel. United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998).

circumstances that are both beyond his control *and* unavoidable even with diligence.'" Wade, 379 F.3d at 1265 (citing Drew, 297 F.3d at 1286 (quotations omitted) (emphasis in original)). Hall has not offered any argument explaining how there were extraordinary circumstances that were beyond his control. Moreover, miscalculation of the dates, even if at the hands of an attorney, does not constitute extraordinary circumstances. Steed, 219 F.3d at 1300.

Accordingly, we AFFIRM the dismissal of Hall's § 2254 petition as time-barred.

6