## A92A0275. McKENNY v. THE STATE.
(419 SE2d 731)

POPE, Judge.

Defendant Robert McKenny was found guilty of possession of cocaine with intent to distribute and possession of marijuana. The evidence presented at trial shows the police raided a house on Dan Bowles Road in the Hyde Park area of Augusta. The defendant was the only person in the house at the time of the raid and he was found kneeling on a mattress on the floor of the front room of the house. A pistol was partially concealed under the mattress and a police scanner was in the room. Officers found rock cocaine in plain view on the kitchen counter and a scale of the type used for dealing drugs and a bag of marijuana in the kitchen cabinet. A small pipe of the type used for smoking rock cocaine was found in the bathroom cabinet. No other furniture or personal belongings were found in the house.

1. Defendant argues the evidence shows that he was merely present at the scene and does not show he was in possession of the contraband. Defendant argues the evidence is therefore insufficient to sustain his conviction. Defendant testified and denied the drugs belonged to him or that he lived in the house. He said he picked up a woman he had never met before and she invited him to come to the house. According to defendant, just before the police arrived, she left to go get beer. The evidence shows, however, that the key to the front door was in defendant's pocket at the time of his arrest and the back door was bolted and boarded shut. The officers denied seeing anyone leave the apartment just before the raid. The defendant presented the testimony of his landlord who testified defendant rented "a home" in the neighborhood. Although the exact address of defendant's rented house was not established, the testimony was consistent with the conclusion that defendant rented the house in which he was found with the key in his pocket and certainly was not inconsistent with that conclusion. Possession of contraband "can be established by evidence which shows the contraband was discovered on the premises occupied by and under the control of the accused with no equal right of access and occupancy in others." *Mitchell v. State,* 150 Ga. App. 44, 47 (2) (256 SE2d 652) (1979). That defendant was in the house alone and possessed the key to the house, in which no evidence was found that any other person occupied it, is certainly sufficient evidence to show the defendant was in possession of the contents of the house. The jury was not required to believe the defendant's testimony that an unidentified woman invited him to the house and had just left before

the police arrived. Thus we hold that sufficient evidence was presented from which a reasonable factfinder could find defendant guilty beyond a reasonable doubt.

2. The trial court did not err in instructing the jury that they were permitted to draw the inference that the owner or lessee of a house is in possession of the property contained in the house. Defendant argues the charge was not supported by the evidence because the evidence did not show he was the lessee of the house in question. The evidence presented by the defendant showed he was the lessee of "a home" in the neighborhood where he was arrested. If the house rented by defendant was one other than the house in which he was arrested, defendant failed to establish that fact by the testimony of his landlord. While the evidence did not show conclusively that the defendant was the lessee of the house in question, neither did it preclude the jury from so finding. The instruction did not improperly assume a finding that defendant was the lessee of the house in question, but merely stated that an inference of possession was permitted "*if* you find that a person owns or is a lessee of a house . . . ."

3. The trial court did not err in denying defendant's motion for mistrial when, in response to the prosecutor's question concerning whether defendant gave a place of employment when he was asked routine questions at the time of arrest, the arresting officer testified that the defendant would not talk to him. The defendant objected on the ground the response raised an improper inference concerning how the defendant came into possession of almost $500 found in his possession at the time of arrest when the defendant had a right to remain silent. Any prejudicial effect of the testimony was cured by the trial court's instruction that the defendant had a right to remain silent and the testimony that the defendant had refused to make a statement was not to be considered by them. Thus, the trial court's denial of the motion for mistrial will not be disturbed on appeal because it did not amount to an abuse of discretion. See *Schirato v. State,* 260 Ga. 170 (5) (391 SE2d 116) (1990); *Crawford v. State,* 256 Ga. 585 (2) (351 SE2d 199) (1987).

4. We agree, however, that the trial court erred in admitting in violation of OCGA § 17-7-210 (c) the testimony of the arresting officer that defendant had responded, when questioned about the key found in his pocket at the time of arrest, that the key was to the front door of the house. It is uncontroverted that the statement was not furnished to defendant in compliance with his written request. Nevertheless, the improper admission of such a statement does not require reversal if it is highly probable that the error did not contribute to the verdict. See *Wallin v. State,* 248 Ga. 29 (5) (279 SE2d 687) (1981). Another officer, in the course of identifying the physical evidence seized at the house, testified that one of the exhibits was a key

to the front door of the house found on the defendant's person. However, except for the testimony concerning defendant's statement about the key, no other evidence was presented to show how the officer knew the key fit the lock on the front door of the house. Because the statement at issue in this case could be interpreted as an admission of possession of the premises (and thus the contents in the premises), "we are unable to say with reasonable certainty that no harm resulted from the State's failure to obey the statutory requirements of OCGA § 17-7-210, and accordingly, we must reverse." *Davis v. State*, 198 Ga. App. 375, 377 (2) (401 SE2d 581) (1991). Moreover, although the defendant did not raise this argument as a ground to suppress the statement, no evidence was presented that defendant had been advised of his right to remain silent and his right to counsel at the time defendant made the statement.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED JUNE 2, 1992.

*Peter D. Johnson,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Barbara A. Smith, Assistant District Attorneys,* for appellee.