## A96A0728. HOLLAND v. THE STATE.
### (472 SE2d 711)

BLACKBURN, Judge.

Raymond D. Holland appeals his conviction for molesting his stepdaughter based, inter alia, upon the State's failure to provide a proper summary of defendant's in-custody statements upon which the State intended to rely, pursuant to former OCGA § 17-7-210.[1]

---

[1] Former OCGA § 17-7-210, now repealed, applies to this matter as it was docketed prior to January 1, 1995.

After Holland was arrested by Detective Michael Zachery of the Douglas County Sheriff's Department, he consented to an interrogation by Detective Zachery, which was recorded on audiotape. The State prepared a transcript of the audiotape.

Holland timely requested a copy of all statements he had made while in custody, pursuant to former OCGA § 17-7-210. In response, the State produced a document entitled "Response To Discovery" which included a short, one paragraph summary of Holland's statements to the police and attached a portion of Detective Zachery's incident report and four letters from Holland to the victim (collectively referred to as Response To Discovery). The State did not mention the existence of the audiotape nor the transcript thereof in its Response To Discovery and did not provide Holland with a copy thereof prior to trial.

At trial, Holland initially objected to the introduction of the audiotape, but failed to formally object at the time same was tendered into evidence. The State provided the jury with copies of the written transcript of the audiotape to review as the tape was being played. The transcripts were collected from the jury at the conclusion of the audiotape. The transcript was marked as State's Exhibit 7 and was admitted into evidence but was not sent out with the jury.

1. Holland asserts that the Response To Discovery failed to comply with former OCGA § 17-7-210. The standard of review on the issue of compliance with the requirements of former OCGA § 17-7-210 is de novo.

(a) The *audio transcript* which was introduced into evidence contains the following colloquy: "Zachery: Would you say you care for [your daughter] more so than you did, do your wife and your other children? Holland: *Yeah*." (Emphasis supplied.)

On *cross-examination* of Holland, the following colloquy occurred: "Q. You indicated to Detective Zachery that you cared more for her than you did your wife; isn't that true, Mr. Holland? A. I don't think I meant to put it in that respect, no ma'am. Q. All right. Well, let's look at Page 10 of the [audiotape] transcript. [Reading from transcript:] Detective Zachery: Would you say you care for [your daughter] more so than you do your wife and your other children? Mr. Holland: *Yeah*. Is there any other way to interrupt (sic) your answer other (sic) as being affirmative, Mr. Holland? A. Not to see it this way, no, ma'am." (Emphasis supplied.)

While the State used the audiotape transcript for impeachment purposes, the actual *trial transcript* reflects that the audiotape when played before the jury and as confirmed by this Court reflects the following actually occurred: "DETECTIVE ZACHERY: Would you say you care for [your daughter] more so than you do your wife and your other children? MR. HOLLAND: *No*." (Emphasis supplied.)

The above misrepresentation of the statements of the defendant before the jury is made especially troubling because the defendant objected to the use of the transcript even for the jury to read along on the grounds that no foundation had been established and *there was no authentication of the transcript with the tape*. In response to this objection, the State indicated it would cover defendant's concerns for the record and proceeded to examine Detective Zachery, as follows: "Q. Detective Zachery, have you had a chance to view the transcripts along with the tape? A. *Yes*. Q. And to the best of your ability and knowledge, are they an accurate depiction of what's on the tape? A. *Yes*." (Emphasis supplied.)

(b) The State further relied upon Holland's taped admission that he may have put his stepdaughter "in his wife's place." The Response To Discovery did not advise Holland of this statement, even though the State used it as an incriminatory admission. This statement should have been included in the pre-trial summary. See *Reed v. State*, 163 Ga. App. 364, 365 (295 SE2d 108) (1982); former OCGA § 17-7-210.

(c) The Response To Discovery indicated that Holland stated that he was no blood relation with his stepdaughter and that "he didn't see what the problem was." Contrary to this representation, the tape when played at trial indicates that he recognized that it would be wrong to fondle or have a sexual relationship with his stepdaughter.

(d) The Response To Discovery also indicated that Holland had offered no response when asked why he had previously given flowers to his stepdaughter. This misrepresentation was made to Holland, even though the audiotape clearly shows that he did, in fact, respond to this question, stating that the flowers were intended to cheer her up after she had been severely disciplined. It was improper for the State to misrepresent Holland's responses in its summary of such in-custody statements, as the law requires that such summary be accurate. Former OCGA § 17-7-210.

The effect of such an inaccuracy is compounded where the State seeks to impeach the defendant on the subject of their misrepresentation. The State cross-examined Holland about alleged *inconsistencies* between his trial testimony and his responses to Detective Zachery's interrogation, while representing in its Response To Discovery to the defendant, that *no responses had been made by defendant* as to such matter during the interrogation. Former OCGA § 17-7-210.

A proper demand made pursuant to this statute entitles a defendant to a written rendition of any statement he may have made while in police custody "that the State may rely upon to the defendant's disadvantage." *Bowe v. State*, 201 Ga. App. 127, 129 (410 SE2d 765) (1991). In *Reed*, supra, we held that comments made by a

defendant in custody should be revealed to the defendant "if the state intends to use them either as incriminatory admissions during its case in chief or for purposes of impeachment by means of contradictory statements."

This Court has previously determined that the State need not provide a verbatim account of the statement so long as its "written summary of the statement . . . include[s] all relevant and material portions of the defendant's statement." (Punctuation omitted.) *Johnson v. State*, 177 Ga. App. 705, 706 (340 SE2d 662) (1986). Implicit in this standard is a requirement that the written summary provided by the State accurately and completely reflect those portions of a defendant's interrogation that the State intends to use against the defendant. At issue here is whether the Response To Discovery met this standard.

If " 'we are unable to say with reasonable certainty that no harm resulted from the State's failure to obey the statutory requirements of [former] OCGA § 17-7-210,' " this matter must be reversed and remanded to the trial court. *McKenny v. State*, 204 Ga. App. 411, 413 (419 SE2d 731) (1992). Since the State did offer compelling evidence from which a jury could have found Holland guilty, it is all the more unfortunate that the misrepresentations of Detective Zachery and the failure of the State to meet its statutory obligation under former OCGA § 17-7-210 require the reversal of this case.

We cannot say with "reasonable certainty" that Holland was not harmed by deficiencies in the Response To Discovery and the improper representations to the defendant, the jury and the court of the in-custody statements of defendant. Neither can we say that Holland was not harmed by the improper impeachment in which the State engaged or that the jury was unaffected by such conduct. The effect upon the jury and Holland was the same regardless of whether or not the prosecuting attorneys were aware of the misrepresentations contained in the transcript and made by Detective Zachery in representing to the court that he had confirmed the accuracy of the transcript by comparing it to the audiotape.

Consequently, we have no choice but to reverse and remand this matter to the trial court. Upon any retrial, evidence pertaining to Holland's in-custody statement shall be excluded until the mandates of former OCGA § 17-7-210 have been met. *Walls v. State*, 169 Ga. App. 80, 82 (311 SE2d 243) (1983).

2. Holland asserts that the trial court erred in redacting those portions of the tape and transcript wherein polygraph tests were mentioned. The standard of review of a ruling on the admissibility of testimony regarding a polygraph examination is a de novo review. *Stack v. State*, 234 Ga. 19 (214 SE2d 514) (1975).

Holland offered to take a polygraph regarding the allegations of

his stepdaughter in the present case. Absent a stipulation that the results would be admissible, the trial court did not err in refusing to admit evidence of a defendant's offer to take a polygraph examination. *Durham v. State*, 240 Ga. 203, 204 (240 SE2d 14) (1977).

Holland made reference to an earlier molestation charge lodged by his stepson that was dismissed after Holland took a polygraph. "[A] jury may be apprised that a polygraph examination has been administered to a witness to explain the conduct of that witness as long as no inference regarding the results of the test is raised." (Citation omitted.) *Stewart v. State*, 263 Ga. 843, 845-846 (440 SE2d 452) (1994). Holland's statement that the prior charges were dismissed in light of the polygraph infers that the test's results were favorable. Therefore, the trial court did not err in excluding references to that test. See id.

3. Holland enumerates as error the trial court's failure to redact from the audiotape and the transcript thereof, all irrelevant, argumentative, and prejudicial portions contained therein. Holland complains specifically about the failure of the court to redact the following comments of Detective Zachery during the interrogation of the defendant: "First of all, you need to tell me the truth and secondly, I know your daughter is not going to just dream this up. . . . Well, that's a very inappropriate way to go about it, fondling her. You have an affection for your child and it's — it's — that is not abnormal to care about your children, but in the way you're doing it, is very abnormal and it's wrong. . . . The damage — the damage has been done. Mr. Holland. That's — it's been done, and it — it was — the damage was done four years ago the first time you did it. . . . Mr. Holland, you're lying to me. . . . Well, I think — and this is only my opinion — any parent is going to have a bond between their children, but I think your bond between that one daughter is a little bit — little bit much. It's — it's going to the extreme."

It is the duty of the trial court to remove material that is irrelevant or that puts the defendant's character in issue. The trial court must determine whether the probative value of the evidence is outweighed by its tendency to unduly arouse the jury's emotions of prejudice, hostility or sympathy. See *Smith v. State*, 255 Ga. 685 (341 SE2d 451) (1986). The standard of review of the trial court's ruling on a challenge to evidence on the ground that its probative value is outweighed by its tendency to unduly prejudice the jury is an abuse of discretion standard. See *Carroll v. State*, 261 Ga. 553 (408 SE2d 412) (1991).

In *Fordham v. State*, 254 Ga. 59 (325 SE2d 755) (1985) our Supreme Court reversed the trial court because the interrogating officer was allowed to state his opinion as to matters that were properly for the jury to determine, and that such was not harmless

because it went to the very heart of the case. It is for the jury to determine credibility of the witnesses, free from the opinions of others in that regard. See *Kennard v. State*, 180 Ga. App. 522 (349 SE2d 470) (1986).

The comments complained of have no probative value and contain the opinions and conclusions of Detective Zachery. Therefore, they should have been redacted by the trial court and must be so removed upon any future trial of this matter under the above standards.

4. In light of Division 1, we address only those enumerations of error that are likely to recur upon retrial. Therefore, we do not address Holland's claim of ineffective assistance of counsel.

*Judgment reversed and remanded with direction. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Jill L. Anderson, Jeffrey P. Manciagli*, for appellant.
*David McDade, District Attorney, Robert L. O'Brien, Assistant District Attorney*, for appellee.