## A04A2357. JOHNSON v. THE STATE.
### (612 SE2d 518)

RUFFIN, Chief Judge.

A jury found Johnny Johnson guilty of aggravated child molestation and several counts of child molestation. Johnson appeals, asserting that the trial court erred with respect to certain evidentiary issues and a jury charge, and that it improperly "interject[ed] itself in the case." Johnson also asserts that he received ineffective assistance of counsel. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict,[1] the evidence shows that in August 2001, the victim, who was then 14 years old, visited Johnson, her former stepfather, to shop for school clothes. She stayed at his house. Around 8:00 a.m., Johnson entered her bedroom wearing black shorts. He got in bed with her, put his hands under her shorts, and starting moving his fingers around her vagina. He then asked her what she wanted for breakfast and left her room. He returned shortly thereafter and told her to lie on her back. She complied, and he pulled her shorts to the side, put his hand on her vagina, and started rubbing her "down there." At this point he was "over her" but not lying on top of her. She felt his penis "at" her vagina. He also touched her "breast area" and put his mouth on her vagina. He told her that he wanted to teach her about sex so that she would not be curious about it when she grew up, but that some people might think that the way he was teaching her was wrong. He also told her the incident was between the two of them, and it was up to God, not other people, to judge whether he was wrong. The next day, the victim reported Johnson's conduct to her mother.

On August 20, 2001, Major Mike Overbey of the Butts County Sheriff's Office interviewed the victim's mother, the victim, and Johnson regarding the victim's allegations of child abuse. Johnson

---

[1] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

admitting touching the victim's breasts, but denied touching her anywhere else. He also said "it was just for playing and it was not for sexual reasons."

At trial, the court allowed evidence of two similar transactions. First, seventeen-year-old D. B. testified that on four different occasions beginning when she was approximately seven to ten years old, Johnson, who was then her aunt's husband, touched her vagina and breasts. When she was approximately 13 or 14 years old, he told her that he was touching her so she would know what to expect and not have boys take advantage of her. Second, fifteen-year-old K. H., who is D. B.'s first cousin, testified that when K. H. was approximately nine or ten years old, Johnson put his hand under her panties and moved his hand around her vagina.

1. Johnson first argues that the trial court erred in admitting the similar transaction testimony of D. B. and K. H. Specifically, he claims that the trial court "apparently" failed to hold a hearing on the State's notice of intent to present evidence of similar transactions, as required by Uniform Superior Court Rule 31.3, and that this failure cannot be considered harmless error. However, the record clearly reflects that the court did hold a hearing on February 4, 2002, to consider, among other things, the State's notice of intent. Accordingly, we find no error.

2. Johnson next argues that the trial court erred in excluding evidence that Detective Overbey offered Johnson a polygraph examination and that Johnson accepted the offer. We disagree.

> In Georgia, the law of evidence in criminal trials is that the *results* of polygraph examinations are probative and admissible upon express stipulation, but that all other evidence concerning polygraphs is nonprobative, irrelevant and inadmissible.[2]

As Johnson only sought admission of his agreement to take a polygraph test, rather than any results, we find no error in the trial court's ruling.

3. Johnson also contends that, on several occasions, the trial judge improperly expressed his opinion with respect to the evidence in violation of OCGA § 17-8-57, including showing a "familiarity" with the victim by calling her "sugar" when Johnson was trying to discredit her testimony. OCGA § 17-8-57 states in pertinent part that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what

---

[2] (Emphasis in original.) *Brown v. State*, 175 Ga. App. 246, 249 (4) (333 SE2d 124) (1985).

has or has not been proved or as to the guilt of the accused."[3] Johnson, however, neither objected nor moved for a mistrial after the judge made any of the statements about which he now complains. Thus, he has waived the issue on appeal.[4]

4. Johnson further argues that the trial court erred by (a) not including a final jury charge on similar transactions, but instead merely referencing a previous charge given at the time the similar transaction evidence was offered, and (b) not instructing jurors that the amount of time between the similar transaction and the current offense goes to the weight and credibility of the similar transaction evidence.

The record reflects that when the State presented the similar transaction testimony, the court instructed the jury with respect to the law on similar transactions. During the actual jury charges, the court again instructed the jury as follows with respect to similar transactions:

> Now, ladies and gentlemen, previously I gave you a very detailed and copious charge on similar transactions. Does counsel wish me to repeat that or does the jury wish me to repeat that? I told you that this defendant is only on trial for the seven counts in this indictment. He is not on trial for anything that may have happened with the other two young ladies. Those were similar transactions which would only go into your consideration to show intent, to show motive, to show knowledge, or to show identity. . . . Does the jury understand that? Does that satisfy that portion?

Johnson did not object to the original charge or the additional charge given during the final jury instructions, nor did he request any further instruction. Accordingly, he has waived any challenge to the trial court's similar transaction charges for purposes of appeal.[5]

5. Finally, Johnson argues that he received ineffective assistance of counsel. To support this argument, he sets forth a litany of claims, including assertions that counsel failed to adequately investigate the case, failed to object to the court's improper comments, failed to object to the court's jury charges, and failed to object to leading and improper questions.

---

[3] OCGA § 17-8-57.

[4] See *Keller v. State*, 208 Ga. App. 589, 590 (1) (431 SE2d 411) (1993). And, applying the plain error rule, we find that none of the comments "seriously affected the fairness, integrity, and public reputation of [the] proceedings." (Punctuation omitted.) *Paul v. State*, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000).

[5] See *Barrett v. State*, 275 Ga. 669, 670-671 (3) (571 SE2d 803) (2002).

In order to show ineffectiveness of counsel, "[appellant] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different."[6] A court considering the effectiveness of counsel is not required to address the performance portion of the inquiry before the prejudice component, "or even to address both components if the defendant has made an insufficient showing on one."[7] Finally, a trial court's finding of effectiveness must be upheld unless clearly erroneous.[8]

Johnson makes no attempt to show prejudice as to any of the items on his litany, except to assert that the "entire defense was based upon the unreliability of [the victim]" and that counsel allowed and elicited testimony, particularly regarding her statement to Detective Overbey, that bolstered her credibility. At the hearing on Johnson's motion for new trial, trial counsel testified that his strategy in eliciting some of this testimony was to prove that the victim had never claimed to be in shock when she spoke to Detective Overbey and that "she was not actually molested as she wanted everyone to believe." "As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel."[9] Accordingly, we find no merit in Johnson's ineffectiveness of counsel claim.[10]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED MARCH 14, 2005 —
RECONSIDERATION DENIED MARCH 23, 2005 — 

*Thomas M. West*, for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.

---

[6] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).
[7] Id.
[8] See *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998).
[9] *Moore v. State*, 278 Ga. 397, 400-401 (c) (603 SE2d 228) (2004).
[10] See id.