A11A1802. ROBERTS v. THE STATE.
(723 SE2d 73)

BLACKWELL, Judge.

Marc C. Roberts was tried by a Gwinnett County jury and convicted of rape,[1] incest,[2] and aggravated sexual battery.[3] On appeal, he claims that the evidence is insufficient to sustain his rape conviction and that the court below erred when it admitted a recording of his interrogation because, he says, the recording in-

---

[1] OCGA § 16-6-1.

[2] OCGA § 16-6-22.

[3] OCGA § 16-6-22.2.

cludes comments by a police officer that pertained to the ultimate issue and improperly bolstered the credibility of the victim. We find no merit in these claims of error and affirm the judgment of conviction.

1. We first consider whether the evidence is sufficient to sustain the rape conviction. To this end, we ask whether any rational jury could have found proof beyond a reasonable doubt of guilt in the evidence adduced at trial, viewing that evidence in the light most favorable to the verdict. *Howard v. State*, 310 Ga. App. 659, 659 (1) (714 SE2d 255) (2011). And as we consider this question, we must keep in mind that it is the function of the jury, not appellate judges, to assess the credibility of witnesses, weigh and draw reasonable inferences from the evidence, and resolve conflicts in the evidence. See *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010). So, if the record contains some competent evidence to prove beyond a reasonable doubt each element of the crimes of which the defendant was convicted, we must uphold the conviction, even if the evidence is controverted. Id.

To prove that Roberts raped the victim, the State was required to show that he had carnal knowledge of the victim forcibly and against her will. OCGA § 16-6-1 (a) (1). Roberts does not dispute that the evidence shows that he had carnal knowledge of the victim, but he says that there is no evidence that he did so forcibly and against her will. We disagree. The victim testified at trial, and she said that Roberts entered her bedroom, held down her hands as she tried to push him away, and had sexual intercourse with her as she screamed, telling him "no" and to "stop." Without anything more, this testimony is enough to permit a rational trier of fact to find beyond a reasonable doubt that Roberts committed rape. See *Duran v. State*, 274 Ga. App. 876, 878 (1) (619 SE2d 388) (2005) (testimony of victim about forcible intercourse was sufficient to sustain conviction for rape).

2. We turn next to the claim of evidentiary error. Before he was arrested, Roberts was interviewed by two police officers. In the course of that interview, one officer explained that he believed the account of the victim and thought that Roberts "took advantage of [the victim]," and he added that "facts are facts, you raped [the victim], you raped her." The interview was recorded, and the court below admitted the recording, without requiring that these comments be redacted before it was played for the jury. Roberts contends on appeal that the admission of the recording without redactions was error because, he says, the comments pertained to the ultimate issue and bolstered the credibility of the victim. We find no merit in this claim of error.

Roberts relies upon the accepted principle that a sworn witness,

generally speaking, should not be permitted to opine from the stand about whether another witness is truthful, see *Shelton v. State*, 251 Ga. App. 34, 38 (3) (553 SE2d 358) (2001) ("Georgia does not allow witnesses to opine that a party or victim is lying or telling the truth.") (citation and punctuation omitted), or about the ultimate issue in the case. See *Wright v. State*, 285 Ga. 57, 63 (5) (673 SE2d 249) (2009) ("A witness generally is not permitted to express his or her opinion regarding an ultimate issue in the case because to do so would invade the fact-finding province of the jury.") (citation and punctuation omitted). We do not doubt the correctness of this principle, but it has no application here. If the officer had taken the witness stand in this case and, in the course of his sworn testimony, offered opinions about whether the victim ought to be believed or whether Roberts had, in fact, raped the victim, the admission of those opinions might well amount to error. But that is not what happened. When the officer made the comments about which Roberts complains, the officer was not then a sworn witness. Instead, he was interviewing a suspect in the course of a law enforcement investigation, and as our Supreme Court has acknowledged, "law enforcement interrogations are, by their very nature, attempts to determine the ultimate issue and the credibility of witnesses." *Collum v. State*, 281 Ga. 719, 723 (3) (642 SE2d 640) (2007). Comments made in such an interview and designed to elicit a response from a suspect do not amount to opinion testimony, even when a recording of the comments is admitted at trial. See *Hames v. State*, 278 Ga. 182, 184 (3) (598 SE2d 459) (2004); *Rowe v. State*, 276 Ga. 800, 803 (2) (582 SE2d 119) (2003); *Huckeba v. State*, 217 Ga. App. 472, 477 (5) (458 SE2d 131) (1995).

That comments of this kind are not opinion testimony does not mean, however, that they always can be admitted, and we have explained before that such comments ought not to be admitted if "the probative value of the [comments] is outweighed by [their] tendency to unduly arouse the jury's emotions of prejudice, hostility or sympathy." *Holland v. State*, 221 Ga. App. 821, 825 (3) (472 SE2d 711) (1996) (citation omitted). See also *Axelburg v. State*, 294 Ga. App. 612, 617-618 (2) (669 SE2d 439) (2008). The comments about which Roberts complains, however, had some probative value. One of the interviewing officers explained at trial that, when they interviewed Roberts, they deliberately chose to use a confrontational interview technique, one that was warranted, they thought, in light of what they knew about Roberts. This confrontational technique included the confrontational comments about which Roberts now complains, and by the conclusion of the interview, this technique yielded an admission that Roberts might have had intercourse with

the victim against her will.[4] Generally speaking, "every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant," *Ward v. State*, 274 Ga. App. 511, 513 (3) (618 SE2d 154) (2005) (punctuation and footnotes omitted), and for this reason, evidence of the circumstances in which the officers elicited an important admission from Roberts had some probative value. The prejudicial effect of admitting these comments, however, seems minimal. The officer who made the comments about which Roberts complains later arrested Roberts, so it hardly would have been news to anyone that the officer believed the account of the victim and thought that Roberts had, in fact, raped the victim. The jury almost certainly would have surmised as much, even if the comments of the officer had not been admitted, and these comments upon the obvious are not, we think, comparable to the specific and detailed commentary that we found inadmissible in *Axelburg*, 294 Ga. App. at 618 (2), and *Holland*, 221 Ga. App. at 825 (3).[5] For these reasons, we cannot say that the court below abused its discretion when it admitted a recording of the interview of Roberts without requiring the redaction of the comments about which Roberts complains.

Consequently, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 1, 2012.

*Brown & Gill, Angela B. Dillon,* for appellant.

*Daniel J. Porter, District Attorney, Jennifer G. Hendee, Assistant District Attorney,* for appellee.

---

[4] Roberts said that "there might have been times . . . [the victim] told [him] to stop, and [he] kept going," and that sometimes the victim would say "Stop. No."

[5] In *Axelburg*, we held that the trial court ought not have admitted interrogation comments in which an officer claimed that he had expertise concerning sleepwalking, held himself out as an expert in forensic interview techniques, said that he knew whenever a suspect was lying, and accused the defendant of lying about his sleepwalking. 294 Ga. App. at 618 (2). In *Holland*, we held that the trial court should not have admitted interrogation comments in which a detective explained at length that the interactions between the defendant and his daughter were "inappropriate," "abnormal," "wrong," and "extreme." 221 Ga. App. at 825 (3).