**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 13, 2016**

# In the Court of Appeals of Georgia

A16A0636. PARFENUK v. THE STATE.

BRANCH, Judge.

Michael Peter Parfenuk was convicted on two counts of child molestation as well as two counts of sexual battery that were merged into the convictions for child molestation for sentencing. Parfenuk was sentenced to consecutive 20-year terms for the child molestation. On appeal, he contends that the trial court erred by ruling that Parfenuk opened the door to admission of a lie detector test. He also contends that he should be sentenced only for sexual battery based on the rule of lenity and that his trial counsel was ineffective for failing to argue the rule of lenity at sentencing. For the reasons stated below, we reverse.

Construed in favor of the verdict,[1] the evidence shows that the 14-year-old female victim reported to 911, her parents, her grandmother, a counselor, and a school resource officer that Parfenuk, age 59 at the time, had kissed her and touched her on the breasts and vaginal area while she was visiting his home; she initially reported that she had been raped, but in the conversation with her mother she clarified that Parfenuk only had touched her.[2] The police were called, and Parfenuk was arrested on the day of the incident and gave a statement to the police. At trial, Parfenuk testified in his own defense, and, among other things, admitted that he told someone that he had known the victim for years and that he fulfilled two roles in her life, as a "father figure" and as a "boyfriend figure." Although Parfenuk did not mention doing so in the statement that he filled out for the police on the day of the incident, Parfenuk admitted at trial that he had kissed the victim on the lips. Parfenuk also testified on direct examination that he often had young girls at his home and that he often gave them a "peck on the lips." He made these admissions during a lengthy narrative

---

[1] "On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." *Marriott v. State*, 320 Ga. App. 58 (739 SE2d 68) (2013) (citation omitted).

[2] The victim died sometime prior to trial.

explanation of the sequence of events on the day of the incident, including his questioning by police. At the end of the narrative, not in response to any question, Parfenuk testified as follows:

> And I spoke to Detective Bradley [while sitting in a police car outside of the Parfenuk house]. He asked me if I'd take a - - voluntarily take a lie detector test. I said yes. So I followed another officer down to the police station. We waited a few minutes. Detective Bradley was there. He asked me some questions.

Neither party objected to Parfenuk's statement. Immediately thereafter, still on direct examination, Parfenuk admitted (without again mentioning the lie detector test) that he changed his story while being questioned by Detective Bradley, that he initially denied all touching but then admitted that he had kissed the victim on the lips.

Later, during cross-examination, the State asserted that Parfenuk had opened the door to cross-examination regarding the voice stress test that he took, including the results of the test. The State argued that without being allowed to follow up on Parfenuk's testimony that he was asked to take the test and was willing to do so, "it leaves the impression with the jury that he was willing to do something but the police wouldn't let him. It improperly bolsters [his testimony]." The State also argued that the evidence was relevant because Parfenuk changed his testimony regarding kissing

3

the victim after he failed the test. Parfenuk's counsel objected on the ground that Parfenuk's testimony did not open the door to the results of the test that were otherwise inadmissible; the court overruled the objection but noted Parfenuk's objection for the record. The court allowed the State to cross-examine Parfenuk about the test, during which he admitted that the officer saw two indications that he was being deceitful. The State was also allowed to recall the officer who administered the test to the stand where he testified that Parfenuk admitted to kissing the victim on the lips only after Parfenuk was told that the test indicated deception. The officer also testified that he administered the test in an effort to determine whether Parfenuk had touched the victim's genital area or breasts and that the test showed that Parfenuk was deceptive when he denied doing so. The trial court charged the jury on the nature of polygraph/lie detector tests, including that it was up to the jury to decide what weight to give to that evidence.

Following his conviction, Parfenuk moved for a new trial, which the court denied, and Parfenuk then appealed.

1. Construed in favor of the verdict, the evidence presented was sufficient to convict Parfenuk of child molestation and sexual battery. See OCGA § 16-6-4 (a) (1) (child molestation); OCGA § 16-6-22.1 (b) (sexual battery).

4

2. Parfenuk contends the trial court erred by allowing the State to cross-examine him regarding the lie detector test and to admit testimony regarding the results of the test.[3] "The trial court has broad discretion in determining the scope and extent of cross-examination; absent a clear abuse of discretion, the action of the trial court will not be disturbed." *Williams v. State*, 303 Ga. App. 222, 229 (4) (692 SE2d 820) (2010) (citations and punctuation omitted); see, e.g., *Mayberry v. State*, 301 Ga. App. 503, 507 (2) (687 SE2d 893) (2009) (trial court's decision regarding whether defendant opened the door to certain testimony upheld absent abuse of discretion). "An abuse of discretion occurs where the trial court significantly misapplies the law or clearly errs in a material factual finding." *In the Interest of R. W.*, 315 Ga. App. 227, 232 (3) (c) (726 SE2d 708) (2012) (punctuation and footnote omitted).

The general rule in Georgia is that the results of polygraph tests, including voice stress tests, whether favorable or unfavorable to an accused, are not admissible in evidence, as they are not considered reliable. *Price v. State*, 269 Ga. 373, 375 (4) (497 SE2d 797) (1998); *Salisbury v. State*, 221 Ga. 718, 719 (4) (146 SE2d 776) (1966); *Lockett v. State*, 258 Ga. App. 178, 180-181 (2) (573 SE2d 437) (2002); see,

---

[3] The State's contention that this issue was not preserved by appellate review is belied by the record, as shown above.

e.g., *Lemons v. State*, 172 Ga. App. 193 (1) (322 SE2d 521) (1984) (holding that "[t]he court did not err in excluding evidence that the defendant had offered to take a polygraph examination") (citation omitted). As explained by the Supreme Court of Georgia, the results of a polygraph examination are inadmissible with two exceptions, by a proper stipulation of the parties, or "to explain an actor's conduct or motive when such is relevant to the issues on trial." *Thornton v. State*, 279 Ga. 676, 679 (4) (620 SE2d 356) (2005), citing *State v. Chambers*, 240 Ga. 76, 76-77 (239 SE2d 324) (1977) and *Morris v. State*, 264 Ga. 823, 824 (2) (452 SE2d 100) (1995).[4] Here, the parties did not stipulate to admission of the test results. Rather, the State contends that the results were necessary to explain Parfenuk's conduct and that separate from the above exceptions to the general rule of inadmissibility, Parfenuk opened the door to introduction of the test results by his own testimony at trial. We will address this latter contention first.

In essence, the State contends that Parfenuk opened the door to the test results by testifying that he voluntarily agreed to take a lie detector test and that, after going

---

[4] In fact in criminal trials, absent one of the above exceptions "the results of a polygraph examination . . . have no probative value." *Feltham v. Cofer*, 149 Ga. App. 379, 381 (1) (254 SE2d 499) (1979) (citations omitted); see also *Johnson v. State*, 272 Ga. App. 385, 386 (2) (612 SE2d 518) (2005).

to the police station, Detective Bradley asked him some questions. Although we find no case with these specific facts, the Supreme Court of Georgia has held that a defendant may open the door concerning the results of a polygraph examination of a witness by eliciting from the witness that the police made her take a polygraph and that the test indicated that she was telling the truth. *Cargill v. State*, 255 Ga. 616, 637-638 (22) (340 SE2d 891) (1986), overruled on other grounds by *Manzano v. State*, 282 Ga. 557 (651 SE2d 661) (2007). The same court has also held where defense counsel opened the door regarding whether the State prevented the defendant from taking lie detector tests, it was harmless, if error, to allow further evidence showing that the defendant had not requested any tests. *Mullis v. State*, 248 Ga. 338, 342 (15) (282 SE2d 334) (1981).

Here, however, defense counsel did not elicit testimony about the test from Parfenuk and Parfenuk did not reveal the test results, yet the State was allowed to introduce the results of the tests, not just information about a request for a test. Rather, Parfenuk's comment, which came toward the end of a lengthy narrative, appears to have been spontaneous or inadvertent. There is no indication that defense counsel solicited the testimony. And our Supreme Court has held that the mere fact that a witness informs the jury that the defendant took a lie detector test is not

7

prejudicial to the defendant if no inference is raised as to the result or if any inferences that might be raised as to the result are not prejudicial. *Lyons v. State*, 271 Ga. 639, 642 (6) (522 SE2d 225) (1999); *Hayes v. State*, 244 Ga. App. 12, 14-15 (4) (534 SE2d 577) (2000). It follows that the same event — simply revealing that the defendant took a lie detector test — is not prejudicial to the State if no inference is raised as to the result of the test or if any inference is not prejudicial.[5] Here, immediately after mentioning the test, albeit without expressly attributing it to the test, the defendant admitted that he changed his story while being questioned by Detective Bradley, which prejudiced Parfenuk much more than the State.

As stated above, the State's second argument is that the results of the test were probative and therefore admissible because Parfenuk changed his story after taking the test. But the State introduced much more than the fact that Parfenuk changed his story after taking the test; the trial court allowed the State to introduce the results of the test itself. Those results were highly prejudicial to Parfenuk because they

---

[5] Further, in several cases involving spontaneous remarks by a witness that he or she took a lie detector test (without mentioning the results), there was no prejudice to the defendant, especially where the trial court gave a curative instruction to the jury to disregard the unsolicited statement. *Curry v. State*, 291 Ga. 446, 452 (4) (729 SE2d 370) (2012); *Durden v. State*, 274 Ga. 868, 869 (5) (561 SE2d 91) (2002). It follows that there would also be no prejudice to the State under the same circumstances.

indicated that he was deceptive when denying that he touched the victim's breasts and vaginal area.

We hold that the trial court erred by allowing the State to introduce the results of the voice stress tests. First, Parfenuk's statement that he agreed to take a test was not solicited by defense counsel and it appeared to be spontaneous and inadvertent. Futher, he did not imply what the results of the test were, as the State now contends. Indeed, at trial the State argued that Parfenuk had implied only that the State refused to allow him to take a test. Second, although Parfenuk may have opened the door to some evidence regarding taking the test, the trial court allowed the State to introduce the results of the test, far exceeding any necessary rebuttal. But the results of the test, including that they showed the officer that Parfenuk was being deceptive when he denied the material allegations of the charges against him, invaded the province of the jury. "A fundamental premise of our criminal trial system is that the *jury* is the lie detector." *United States v. Scheffer*, 523 U. S. 303, 313 (II) (B) (118 SCt 1261, 140 LE2d 413) (1998) (citation and punctuation omitted, emphasis in original), (Thomas, J., joined by three justices). This evidence went to the core of the case, as Parfenuk's sole defense was that he denied touching the victim on the breasts and vaginal area, and therefore we cannot say that the error caused no harm. For the above reasons, we

9

hold that the trial court abused its discretion by allowing the voice stress test results into evidence. Accordingly, a new trial should have been granted. See *Cagle v. State*, 132 Ga. App. 227, 228 (2) (207 SE2d 703) (1974) (new trial required where witness testified that he received lying reactions from the defendant on a polygraph test and the evidence impeached the defendant).

3. In his remaining enumerations of error, Parfenuk contends his sentences should be vacated and the case remanded for resentencing only for sexual battery under the rule of lenity. He also contends that his trial counsel was ineffective by not arguing for application of the rule of lenity during sentencing. Because these issues are likely to reoccur on retrial, we will address them now. See *Chancey v. Peachtree Pest Control Co.*, 288 Ga. App. 767, 769 (2) (655 SE2d 228) (2007). We find no error, however.

"When the statutory law establishes different punishments for the same offense, courts sometimes apply the rule of lenity to resolve the statutory ambiguity." *Rollf v. Carter*, 298 Ga. 557, 557 (784 SE2d 341) (2016) (citations and footnote omitted). "The fundamental inquiry [when assessing whether the rule of lenity applies] is whether the identical conduct[, meaning the specific conduct with which the defendant was charged,] would support a conviction under either of two [criminal

statutes] with differing penalties." *McNair v. State*, 326 Ga. App. 516, 519 (757 SE2d 141) (2014) (footnote omitted).

Here, Parfenuk was charged on two counts of child molestation in that he did "unlawfully perform an immoral and indecent act, to wit: fondling the primary genital area [and, in Count 2, the breasts] of [the victim], a child under 16 years of age, with intent to arouse the sexual desires of said accused." Thus, the State was required to and did prove that Parfenuk sought to arouse his own sexual desires by touching the victim. See OCGA § 16-6-4 (a) (1). The charges of sexual battery for the same touching did not require proof of this same element. See OCGA § 16-6-22.1 (b). Thus, there is no statutory ambiguity here regarding the proper penal statute to be used in sentencing Parfenuk. Rather, child molestation was simply a greater offense into which the charge of sexual battery was properly merged. See generally *Dorsey v. State*, 265 Ga. App. 597, 602 (3) (595 SE2d 106) (2004). Accordingly, the rule of lenity does not apply and trial counsel was not ineffective for not arguing for application of the rule of lenity during sentencing.

*Judgment reversed. Ellington, P. J., and Mercier, J., concur.*

11