**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**September 23, 2021**

# In the Court of Appeals of Georgia

A21A1184. THE STATE v. HILL.

BROWN, Judge.

The State appeals from the trial court's order granting Calvin Hill's pretrial motion in limine to exclude Hill's two interviews with law enforcement. For the following reasons, we reverse.[1]

In 2017, Hill was indicted in the Superior Court of Franklin County on charges of enticing a child for indecent purposes, child molestation, and sexual battery against a child under sixteen. The indictment alleged that on or about November 23, 2016, Hill took the victim, a female child under the age of 16 years, from Royston, Georgia,

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving _State v. Parks_, 350 Ga. App. 799, 811 (830 SE2d 284) (2019).

to Bowman, Georgia, for the purpose of child molestation and indecent acts, touched her inner thighs and "intimate parts," and kissed her on the mouth. Hill filed a pretrial motion in limine seeking to exclude his two interviews with law enforcement: an interview with an investigator and a pre-polygraph interview with a GBI polygraph examiner. Hill argued that the recordings of the interviews should be excluded from evidence because both interviewers commented on witness credibility and repeated what other witnesses had said. He also argued that the trial court should exclude any mention of his agreement, and subsequent refusal, to take a polygraph test.[2]

The trial court granted Hill's motion,[3] excluding the majority of the first interview and the entirety of the second. As to the first interview, the court found that the investigator "repeatedly comment[s] on [Hill's] credibility" and "simply restate[s] or paraphrase[s] what other witnesses have said . . . so much so that there is no meaningful manner to redact the offensive statements and still have a context for any remaining statements." As to the second interview, the trial court concluded that the

---

[2] Hill also argued that the interviews should be excluded because the interviewers made statements regarding Hill's criminal history. As noted by the trial court in its order, the State agreed to redact such statements.

[3] Hill conceded and the trial court found that he was not in custody during either interview and that he was given his *Miranda* warnings.

pre-polygraph examination was part of the polygraph process, that polygraph examinations generally are inadmissible unless otherwise stipulated by the parties, and that no such stipulation was entered into here. The court further found that the second interview was inadmissible "for the same reasons as portions of [the first interview,] i.e., the examiner comments on the credibility of witnesses, simply repeats what she has read in a police report, and gives extended narratives having no bearing on this case." It is from this order that the State appeals.

An appellate court reviews "the trial court's decisions on the admissibility of evidence, including a denial of a motion in limine, for an abuse of discretion." *Central Ga. Women's Health Ctr. v. Dean*, 342 Ga. App. 127, 139 (2) (800 SE2d 594) (2017).

> [M]otions in limine should only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial[.] By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.

Id. Accord *Lewis v. State*, 306 Ga. 455, 461 (2) (a) (831 SE2d 771) (2019).

1. *First Interview.* The State contends that the trial court erred in excluding the first interview on the basis that the investigator improperly commented on witness credibility and repeated what others said. We agree.

"Our Supreme Court has acknowledged that police officers' comments during interrogations do not constitute sworn witness testimony." (Citation omitted.) *Brown v. State*, 316 Ga. App. 137, 139 (728 SE2d 778) (2012). See also *Roberts v. State*, 313 Ga. App. 849, 851 (2) (723 SE2d 73) (2012). "[L]aw enforcement interrogations are, by their very nature, attempts to determine the ultimate issue and the credibility of witnesses." (Citation and punctuation omitted.) *Butler v. State*, 292 Ga. 400, 406 (3) (a) (738 SE2d 74) (2013). Accord *Collum v. State*, 281 Ga. 719, 723 (3) (642 SE2d 640) (2007). "Comments made in such an interview and designed to elicit a response from a suspect do not amount to opinion testimony, even when a recording of the comments is admitted at trial." *Roberts*, 313 Ga. App. at 851 (2). Accord *Butler*, 292 Ga. at 406 (3) (a). In a case decided before the effective date of the new Evidence Code, we stated that "such comments ought not to be admitted if the probative value of the comments is outweighed by their tendency to unduly arouse the jury's emotions of prejudice, hostility or sympathy." (Citation and punctuation omitted.) *Roberts*, 313 Ga. App. at 851 (2). Under OCGA § 24-4-403 ("Rule 403"), the standard is more

4

properly stated now as: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

It follows that the trial court erred in excluding the interview on the basis that the investigator improperly commented on witness credibility and repeated what others said. However, exclusion of the investigator's comments under Rule 403 was not raised or ruled on below, and we will not consider it in the first instance.[4] See *Hutto v. State*, 320 Ga. App. 235, 239 (3) (739 SE2d 722) (2013) ("this Court is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court") (citation and punctuation omitted). See also *Martinez-Arias v. State*, 356 Ga. App. 423, 425 (1) (a), n.1 (846 SE2d 448) (2020), cert. granted, *Martinez-Arias v. State*, No. S21G0150 (April 19, 2021); *Hughley v. State*, 355 Ga. App. 189, 193 (3) (843 SE2d 622) (2020).

2. *Second Interview.* The State contends that the trial court erred in also excluding the second interview. Specifically, the State argues (1) that Hill's

---

[4] While Hill now asserts in his brief on appeal that certain comments were "highly prejudicial," he did not argue this below.

5

statements are not subject to exclusion simply because they were made during a pre-polygraph interview and (2) that the trial court should not have excluded the interview based on its conclusion that the examiner improperly commented on witness credibility and repeated what others had said. We will address each argument in turn.

(a) "The general rule in Georgia is that the results of polygraph tests, . . . whether favorable or unfavorable to an accused, are not admissible in evidence, as they are not considered reliable." *Parfenuk v. State*, 338 Ga. App. 95, 98 (2) (789 SE2d 332) (2016). However, "upon express stipulation of the parties that they shall be admissible, the results of a [polygraph] test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." (Citation, punctuation, and emphasis omitted.) *Brown v. State*, 175 Ga. App. 246, 248 (4) (333 SE2d 124) (1985). "Evidence that a defendant entered into a stipulation to take a polygraph examination but later refused to do so is neither probative nor admissible[, and it] is error to allow evidence of a defendant's refusal to submit to a polygraph examination." *Hall v. State*, 226 Ga. App. 298, 300 (2) (485 SE2d 800) (1997). See *Brown*, 175 Ga. App. at 248 (4) ("evidence that the defendant was willing or unwilling to submit to a polygraph examination is generally not admissible into

6

evidence"). Accordingly, evidence that Hill agreed to take a polygraph examination but subsequently refused to do so is inadmissible at trial. See *Brown*, 175 Ga. App. at 248 (4) (holding that it was error for trial court to admit testimony that after defendant had entered into a stipulation that he would submit to a State-administered polygraph test and that the results would be admissible in evidence, he declined to take the test). However, it does not necessarily follow that Hill's statements made in the course of the pre-polygraph interview also are inadmissible.

The issue presently before us was addressed in *Johnson v. State*, 208 Ga. App. 87, 88 (429 SE2d 690) (1993), wherein this Court held that statements made by the defendant during pre- and post-polygraph interviews were part of an unstipulated polygraph examination and as such were inadmissible as evidence at his trial. Id. at 88 (1). But, the Supreme Court overruled *Johnson* in *Drane v. State*, 265 Ga. 255 (455 SE2d 27) (1995). In *Drane*, the Supreme Court held that there was no error in the admission of testimony regarding statements the defendant made to the polygraph examiner prior to commencement of an unstipulated polygraph examination. Id. at 258-259 (5). The Court noted that "admissions which are otherwise competent and admissible are not to be excluded simply because the admissions were made after the taking of a lie detector test," and that "[t]he same rule applies to admissions made

7

before commencement of the test."[5] Id. The Supreme Court also pointed out that the trial court had ordered that there be no comment referring to the polygraph examination. Id. at 258 (5). It follows that in this case, the trial court erred in excluding the entirety of the second interview on the basis that it was part of the polygraph "process" and therefore inadmissible.[6]

(b) The trial court alternatively relied on *State v. Parks*, 350 Ga. App. 799, 811 (830 SE2d 284) (2019), to exclude the second interview in its entirety based on the

---

[5] See OCGA § 24-8-801 (d) (2) (A) ("Admissions shall not be excluded by the hearsay rule. An admission is a statement offered against a party which is . . . [t]he party's own statement[.]").

[6] In excluding the interview, the trial court cited this Court's statement that "even when, because of such an express stipulation, the result of a polygraph examination is admissible, all other evidence concerning a polygraph is nonprobative, irrelevant and inadmissible." (Citation and punctuation omitted.) *Keown v. State*, 275 Ga. App. 166, 168 (1) (620 SE2d 428) (2005). However, this statement does not operate to exclude otherwise admissible statements by a defendant during a pre- or post-polygraph interview, but rather emphasizes that evidence of a defendant's agreement or refusal to a polygraph examination is inadmissible as held in *Brown*, supra. In fact, neither of the cases cited by the trial court for this proposition dealt with the admissibility of a defendant's statements made during a pre- or post-polygraph interview. See *Keown*, 275 Ga. App. at 166-169 (1) (defendant could not show prejudice resulting from trial counsel's failure to offer evidence that defendant passed polygraph test after counsel elicited testimony that defendant took a polygraph test); *Johnson v. State*, 272 Ga. App. 385, 386 (2) (612 SE2d 518) (2005) (trial court properly excluded evidence that detective offered defendant a polygraph examination and that defendant accepted the offer).

8

GBI polygraph examiner repeating what others had told her about the case, presumably referring to what the alleged victim had reported, and commenting on witness credibility. The State argues that this was an abuse of discretion for the same reasons cited in Division 1.

In *Parks*, a panel of this Court held that the trial court erred in admitting (1) evidence of the defendant's refusal to take a polygraph test and (2) a recording of the defendant's pre-polygraph interview. 350 Ga. App. at 808-811 (1). As to the recording of the pre-polygraph interview, we concluded that the interview should have been excluded because the examiner repeated things she heard about the case from other investigators and from reviewing the incident report and had "opine[d] that [the defendant] was lying." Id. at 809-810 (1). In so holding, we repeatedly referred to the examiner's comments during the interview as "testimony," and relied on case law stating that a witness' testimony must be based on firsthand knowledge and that witnesses are not allowed to opine that a party or victim is lying or telling the truth. Id. at 808-810 (1).

As stated in Division 1, supra, officers' comments during interviews and interrogations do not constitute sworn witness testimony and do not amount to opinion testimony to the extent they are designed to elicit a response from a suspect.

9

See *Butler*, 292 Ga. at 406 (3) (a); *Roberts*, 313 Ga. App. at 851 (2); *Brown*, 316 Ga. App. at 139 (1). To the extent *Parks* conflicts with this law from both this Court and the Supreme Court of Georgia, it is disapproved.

As to the interview at issue, the exclusion of the examiner's comments under Rule 403 was not raised or ruled on below, and we will not consider the issue for the first time on appeal. In sum, while the trial court was correct to conclude that evidence of Hill's agreement and subsequent refusal to take a polygraph test is inadmissible, we reverse the trial court's ordering excluding the two interviews in their entirety.[7]

*Judgment reversed. Doyle, P. J., and Reese, J., concur.*

---

[7] We express no opinion as to the voluntariness of Hill's statements as this issue was neither raised nor ruled on below.